# Third District Court of Appeal

## State of Florida

Opinion filed October 7, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-221
Lower Tribunal No. 14-15931
_____

**Lester Garcia,**
Appellant,

vs.

**Dyck-O'Neal, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Peter R. Lopez, Judge.

Parker & Dufresne, P.A., and Austin T. Brown (Jacksonville), for appellant.

Law Office of Daniel C. Consuegra, P.L., and Susan B. Morrison and Lauren E. Wages (Tampa); Jennifer A. Garner (Tampa), for appellee.

Before SHEPHERD, LAGOA and SCALES, JJ.

SCALES, J.

Lester Garcia appeals the entry of a Final Default Judgment in favor of Dyck-O'Neal, Inc. in the circuit court of Miami-Dade County. The order on appeal awards Dyck-O'Neal a deficiency judgment after an earlier foreclosure of Garcia's residential property. Garcia alleges that the trial court was without subject matter jurisdiction to enter the default judgment. For the reasons stated below, we affirm.

## I. Facts

In 2009, the mortgagee, BAC Home Loans Servicing ("BAC"), brought a successful foreclosure action in the Miami-Dade County Circuit Court against Appellant Lester Garcia and others. In its complaint, BAC included a prayer that the trial court take jurisdiction for the purpose of a deficiency judgment. The trial court's final judgment of foreclosure reserved jurisdiction to adjudicate any claim seeking a deficiency judgment.[1]

After the foreclosure sale, Dyck-O'Neal, Inc. was assigned the judgment and note, and filed a separate action in Miami-Dade County Circuit Court against Garcia seeking the deficiency (i.e., the difference between the judgment amount in the foreclosure action and the fair market value of the foreclosed property as of the date of the foreclosure sale).

---

[1] Specifically, paragraph 12 of the final judgment provides: "The Court retains jurisdiction of this action to enter further orders that are proper, including, without limitation, writs of possession and deficiency judgments."

2

Garcia did not respond to Dyck-O'Neal's complaint and a clerk's default was entered against Garcia on September 24, 2014. Thereafter, Dyck-O'Neal moved the trial court to enter a final default judgment in the amount of the deficiency, plus interest.

Garcia filed a motion to dismiss, arguing that the trial court lacked subject matter jurisdiction over Dyck-O'Neal's deficiency action because: (i) BAC had sought deficiency relief in its foreclosure complaint; and (ii) in the foreclosure judgment, the court expressly retained jurisdiction to adjudicate the deficiency. The trial court, however, rejected Garcia's argument and entered the final default judgment in favor of Dyck-O'Neal. Garcia appeals this decision and the final default judgment.

## II. Analysis

Section 702.06 of the Florida Statutes provides the authority for affirming the trial court's final judgment. This statute governs deficiency claims in foreclosure cases, and was amended in 2013, to read as follows:

> In all suits for the foreclosure of mortgages heretofore or hereafter executed the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the sound discretion of the court; however, in the case of an owner-occupied residential property, the amount of the deficiency may not exceed the difference between the judgment amount, or in the case of a short sale, the outstanding debt, and the fair market value of the property on the date of sale. For purposes of this section, there is a rebuttable presumption that a residential property for which a homestead exemption for taxation was granted according to the certified rolls of the latest

3

assessment by the county property appraiser, before the filing of the foreclosure action, is an owner-occupied residential property. **The complainant shall also have the right to sue at common law to recover such deficiency, unless the court in the foreclosure action has granted or denied a claim for a deficiency judgment.**

§ 702.06, Fla. Stat. (2014) (emphasis added).[2]

Notwithstanding the clear and unambiguous language of section 702.06, Garcia argues that First Federal Savings and Loan Ass'n of Broward County. v. Consolidated Development Corp., 195 So. 2d 856 (Fla. 1967) and Reid v. Compass Bank, 164 So. 3d 49 (Fla. 1st DCA 2015) command a different result.[3] Specifically, Garcia argues that when a foreclosure plaintiff has sought deficiency relief in its foreclosure complaint, and the trial court expressly reserves jurisdiction to adjudicate deficiency issues in the foreclosure judgment, the circuit court lacks

---

[2] Laws 2013, c. 2013-137, § 8, provides: "The Legislature finds that this act is remedial in nature and applies to all mortgages encumbering real property and all promissory notes secured by a mortgage, whether executed before, on, or after the effective date of this act."

[3] Garcia cites these two cases in an expansive reply brief. In his initial brief, Garcia relies on Provost v. Swinson, 146 So. 641 (Fla. 1933) and Belle Mead Development Corp. v. Reed, 153 So. 843 (Fla. 1934), among others, for the proposition that once a plaintiff in a foreclosure action prays for a deficiency decree, that plaintiff becomes bound by its selection of a forum and cannot sue to recover a deficiency in another court. There is another line of cases, however, that permits the foreclosure plaintiff to sue to recover a deficiency in another court if that plaintiff has prayed for a deficiency decree in the foreclosure case and the foreclosure court has overlooked or not considered this prayer for relief. McLarty v. Foremost Dairies, 57 So. 2d 434 (Fla. 1952); Reid v. Miami Studio Properties, 190 So. 505 (Fla. 1939). Dyck-O'Neal relies on these cases and others, and seeks to distinguish First Federal Savings and Compass Bank.

jurisdiction to hear a plaintiff's separate, common law claim seeking a deficiency judgment, even though the foreclosure court never granted or denied the claim seeking a deficiency.

At first blush, Garcia's argument appears to be supported by First Federal Savings and Compass Bank. These cases survey the inconsistent jurisprudence on the issue of a foreclosure plaintiff's ability to sue at common law to recover a deficiency judgment. Yet no holding on this particular point emerges from either First Federal Savings or Compass Bank; the discussion of this point in both of these cases is *dicta*.

*A. First Federal Savings' Dicta*

In First Federal Savings, the plaintiff obtained a judgment of foreclosure in Palm Beach County; the foreclosure court retained jurisdiction to determine a deficiency judgment. The plaintiff then filed an action in Broward County to recover the deficiency. On plaintiff's motion, the circuit court in Palm Beach County terminated its jurisdiction. The Broward County circuit court, however, dismissed the case because the Palm Beach County circuit court originally had retained jurisdiction. First Fed. Sav., 195 So. 2d at 857.

The Fourth District Court of Appeal held that the Palm Beach County circuit court should not have abandoned its jurisdiction.[4] Initially, the Florida Supreme

---

[4] First Fed. Sav. and Loan Ass'n of Broward Cnty. v. Consol. Dev. Corp., 184 So.

Court granted certiorari review based on an apparent conflict among the districts. In discharging the writ of certiorari, however, the Florida Supreme Court determined that no conflict existed after all. In its conclusion, the Florida Supreme Court's glancing reference to the rule for recovering a deficiency judgment does not constitute the holding of the case. First Fed. Sav., 195 So. 2d at 859.

*B. Compass Bank's Dicta*

In Compass Bank, the plaintiff in a foreclosure action obtained a judgment of foreclosure, and the trial court reserved jurisdiction to enter a deficiency judgment. Subsequently, the plaintiff filed a separate action for a deficiency judgment. When the defendant sought dismissal on jurisdictional grounds, the plaintiff consolidated the foreclosure action and the deficiency judgment action, and ultimately obtained a final deficiency judgment. Compass Bank, 164 So. 3d at 50-51. On appeal, the First District Court of Appeal held that, due to the consolidation, the foreclosure court retained jurisdiction to enter a deficiency judgment. Id. at 57. In our view, this useful holding renders as *dicta* the historical survey of deficiency judgment law that precedes it.[5]

*C. Statutory Authority Eclipses Dicta*

---

2d 471 (Fla. 4th DCA 1966).

[5] The historical survey in Compass Bank includes a detailed examination of First Federal Savings' own analysis of the law without quite acknowledging that First Federal Savings' analysis is itself *dicta*.

When the clear and unambiguous language of a statute commands one result, as here, while *dicta* from case decisions might suggest a different result, we must apply the statute so as to give effect to legislative intent. Citizens Prop. Ins. Corp. v. Perdido Sun Condo. Ass'n, Inc., 164 So. 3d 663, 666 (Fla. 2015). In determining legislative intent, we first look to the language of the statute. State v. Hackley, 95 So. 3d 92, 93 (Fla. 2012) ("The first place we look when construing a statute is to its plain language – if the meaning of the statute is clear and unambiguous, we look no further.").

We need look no further than the plain language of section 702.06.[6] The *dicta* in First Federal Savings and Compass Bank does not carry the weight of authority of section 702.06 as it is now constituted. The remedial nature of the 2013 amendment to section 702.06 militates against our further interpreting an inconsistent body of case law.

### III. Conclusion

In our view, the Legislature drafted a clear statute that resolved the courts' struggle with the issue in this case. According to the statute, unless the foreclosure

---

[6] It bears noting that the Court in Compass Bank, again in *dicta*, allows its gaze to drift beyond the plain wording of the statute: "While we agree that the plain language of . . . section 702.06 supports an argument that a party may file an action at law to recover a deficiency so long as a trial court has not actually ruled upon a request for a deficiency judgment in the foreclosure case, cases such as Belle Mead and First Federal Savings suggest otherwise." 164 So. 3d at 56.

court has granted or has declined to grant a deficiency judgment, a plaintiff may pursue deficiency relief in a separate action. In the instant case, the foreclosure court did not grant or decline to grant the deficiency judgment claim; therefore, the trial court below had jurisdiction to consider Dyck-O'Neal's deficiency claim.

Affirmed.