# Third District Court of Appeal

## State of Florida

Opinion filed February 3, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1292
Lower Tribunal No. 14-11396
_____

**Dyck-O'Neal, Inc.,**
Appellant,

vs.

**Douglas Weinberg,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Lisa S. Walsh, Judge.

Susan B. Morrison (Tampa), for appellant.

Parker & DuFresne and Austin Tyler Brown (Jacksonville), for appellee.

Before SUAREZ, C.J., and FERNANDEZ and LOGUE, JJ.

SUAREZ, C.J.

Dyck-O'Neal, Inc. appeals from a final order granting Douglas Weinberg's motion to dismiss the complaint based on lack of jurisdiction. Based on the unambiguous language of section 702.06, Florida Statutes (2013) and the holding in

Garcia v. Dyck-O'Neal, Inc., 2015 WL 5829818 (Fla. 3d DCA Oct. 7, 2015), we reverse.

In 2004, Weinberg entered into a mortgage agreement with Countrywide Home Loans. Weinberg defaulted, and Countrywide (a/k/a BAC Home Loans Servicing LP) filed a foreclosure complaint in 2009. The foreclosure complaint included a prayer for deficiency relief. The trial court rendered final judgment in BAC's favor, reserving jurisdiction to consider a claim for deficiency. The property was sold in 2010. Bank of America (BAC's successor) assigned the note and foreclosure judgment to FNMA, which assigned the same to Dyck-O'Neal (DONI). DONI filed for a deficiency judgment against Weinberg in 2014. Weinberg sought to dismiss the deficiency action by arguing that because the original foreclosure complaint included a prayer for deficiency relief and the foreclosure judge reserved jurisdiction, the proper and exclusive forum for pursuing a deficiency claim was the foreclosure court. The trial judge agreed and dismissed DONI's deficiency complaint for lack of jurisdiction.

Section 702.06, Florida Statutes (2013) governs suits to recover deficiencies. This statute provides that the complainant in a foreclosure action has the option of suing at common law to recover a deficiency rather than seeking it in the foreclosure (equity) court "unless the court in the foreclosure action has granted or

2

denied a claim for a deficiency judgment." In this case, the original lender included a prayer

for deficiency relief in the foreclosure complaint, got a final foreclosure judgment in 2010 and the foreclosure court reserved jurisdiction to grant or deny a deficiency judgment. No party pursued a post-foreclosure deficiency until DONI, which is not the original plaintiff but the ultimate assignee of the foreclosure judgment. On DONI's appeal from dismissal, Weinberg argues that because the foreclosure court exercised its discretion by reserving jurisdiction to determine and render a deficiency judgment, that court is thus the sole forum for any party seeking post-foreclosure deficiency. The appellee contends that this is so even though the foreclosure court did not "grant or decline to grant" a deficiency judgment. We disagree.

First, the plain language of the statute requires reversal. Although there was a prayer for deficiency in the foreclosure action, no deficiency was pursued; the court in the foreclosure action neither "granted nor denied a claim for a deficiency judgment" that would limit the forum for seeking a deficiency judgment. The case on which the trial court based its decision to dismiss for lack of jurisdiction, Reid v. Compass Bank, 164 So. 3d 49 (Fla. 1st DCA 2015), is a case that has recently been disagreed with by Garcia v. Dyck-O'Neal, Inc., 2015 WL 5829818 (Fla. 3d DCA Oct. 7, 2015), a case directly on

point and from our own Court. The trial court did not, at the time it rendered its decision in May, 2015, have the benefit of the Third District's examination of this issue five months later.

In Garcia, the facts are strikingly similar: BAC filed a foreclosure complaint in which it requested the trial court retain jurisdiction for purposes of a deficiency judgment. The trial court rendered final judgment in favor of BAC and reserved jurisdiction to adjudicate any post-foreclosure deficiency claim. The foreclosure judgment and note were assigned and the assignee, coincidentally DONI, sought a post-foreclosure deficiency. The homeowner moved to dismiss for lack of jurisdiction based on the identical arguments as set forth in the instant appeal. The trial court rejected those arguments and ruled in DONI's favor.

On appeal, this Court found the language of section 702.06 to be unambiguous, and also found the dicta in Reid to be inapposite. Our Court held that, under the same factual circumstances as present here:

> In our view, the Legislature drafted a clear statute that resolved the courts' struggle with the issue in this case. According to the statute, unless the foreclosure court has granted or has declined to grant a deficiency judgment, a plaintiff may pursue deficiency relief in a separate action. In the instant case, the foreclosure court did not grant or decline to grant the deficiency judgment claim; therefore, the trial court below had jurisdiction to consider Dyck-O'Neal's deficiency claim.

Garcia v. Dyck-O'Neal, Inc., 2015 WL 5829818, at *3 (Fla. 3d DCA Oct. 7, 2015), reh'g denied (Nov. 12, 2015). Based on our holding in Garcia, and where the foreclosure court did not grant or decline to grant a deficiency judgment in case no.

4

2009-56545-CA-22, we reverse and remand with directions to reinstate the Appellant's cause of action in case no. 2014-11396-CA-01.

Reversed and remanded.