DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHN CHENG,**
Appellant,

v.

**DYCK-O'NEAL, INC.,**
Appellee.

No. 4D16-57

[ May 4, 2016 ]

Appeal of non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Richard Oftedal, Judge; L.T. Case No. 2014CA001606.

Austin Tyler Brown of Parker & DuFresne, P.A., Jacksonville, for appellant.

Susan B. Morrison of the Law Offices of Susan B. Morrison, P.A., Tampa, for appellee.

PER CURIAM.

We affirm the trial court's order denying appellant's Florida Rule of Civil Procedure 1.540 motion for relief from judgment. Appellant argues that the trial court lacked jurisdiction to consider appellee's post-foreclosure action seeking a deficiency because the final foreclosure judgment in a prior case reserved jurisdiction to consider entering a deficiency judgment.

We agree with *Garcia v. Dyck-O'Neal, Inc.*, 178 So. 3d 433 (Fla. 3d DCA 2015), and *Dyck-O'Neal, Inc. v. Weinberg*, 41 Fla. L. Weekly D329 (Fla. 3d DCA Feb. 3, 2016), that section 702.06, Florida Statutes, is unambiguous: "The complainant shall also have the right to sue at common law to recover such deficiency, unless the court in the foreclosure action has granted or denied a claim for a deficiency judgment." The foreclosure judgment's reservation of jurisdiction does not preclude a separate suit to recover the deficiency where the foreclosure court has not granted or denied a claim for a deficiency judgment.

Appellant presented no evidence that the foreclosure court had granted

or denied any claim for a deficiency judgment.  The motion to vacate was properly denied.

*Affirmed.*

TAYLOR, DAMOORGIAN and LEVINE, JJ., concur.

*          *          *

***Not final until disposition of timely filed motion for rehearing.***