MAKAR, J,,
dissenting.
A final judgment of foreclosure entered against Sylvia and Collier Higgins resulted in them home being sold at auction. Dyck-O’Neal, Inc., which was assigned the judgment and underlying note, sued in a separate proceeding to collect the deficiency between the amount due on the note and- the property’s value. A final judgment of default was entered against the Higgins because they failed to respond in the deficiency proceeding, A year later, the Higgins sought to void the default *167 judgment, claiming the trial court lacked jurisdiction because the foreclosure court had reserved jurisdiction to consider a request for a deficiency judgment in that proceeding.
The trial court properly denied the Higgins’ request because the Legislature had just recently enacted a clearly worded statute that established a “right to sue” for a deficiency judgment “unless the court in the foreclosure action has granted or denied a claim for a deficiency judgment.” § 702.06, Fla. Stat.; Ch. 2013-137, Laws of Fla. Because the “court in the foreclosure action” had neither “granted” nor “denied” the claim for a deficiency judgment in that proceeding, Dyck-O’Neal had a clear statutory “right to sue” separately for a deficiency judgment. The statute contemplates this precise.situation, i.e., where a foreclosure court has been presented, but not acted upon, a request for a deficiency judgment; in such a case, the complainant has the “right to sue” to recover the deficiency. The statute doesn’t say the complainant must sue in the same court as the foreclosure action; instead, the plain words of the statute envision the possibility of two separate proceedings, perhaps in two different courts.
The plain, unambiguous language of the statute has not escaped judicial notice. Every Florida court addressing the issue of whether section 702.06 jurisdictionally bars a separate suit for a deficiency judgment has said unequivocally that it- does not. Instead, the only statutory jurisdictional, bar is, if the “court in the foreclosure action has granted or denied a claim for a deficiency judgment.” § 702.06, Fla. Stat. The Third District, in two cases with facts like this one, have viewed the 2013 statutory language as “clear,” “plain,” and “unambiguous.” Dyck-O’Neal, Inc. v. Weinberg, 190 So.3d 137 (Fla. 3d DCA 2016) (reversing an order dismissing for lack of jurisdiction based on “unambiguous” and “plain language of the statute”); Garcia v. Dyck-O’Neal, Inc., 178 So.3d 433, 436 (Fla. 3d DCA 2015) (“When the clear and unambiguous language of a statute commands one result, as here, ... we must apply the statute so as to give effect to legislative intent.”); see also Cheng v. Dyck-O’Neal, Inc., 199 So.3d 932 (Fla. 4th DCA 2016) (agreeing with Third District decisions “that section 702.06, Florida Statutes, is unambiguous”). As summarized by the Third District in Garcia:
According to the statute, unless the foreclosure court has granted' or has declined to grant a deficiency judgment, a plaintiff may pursue deficiency relief in a separate action. ■ In the instant case, the foreclosure court did not grant or decline to grant the deficiency judgment claim; therefore, the trial court below had jurisdiction to consider Dyck-O’Neal’s deficiency claim.
178 So.3d at 436. Likewise, the Fourth District in Cheng concluded that the “foreclosure judgment’s reservation of jurisdiction does not preclude a separate suit to recover the deficiency where the foreclosure court has not granted or denied a claim for a deficiency judgment.” Cheng, 199 So.3d at 932. The clarity of the 2013 statutory language decides this case; affir-mance is required.
Two additional points are warranted. First, the lengthy discussion of erstwhile caselaw in Reid v. Compass Bank, 164 So.3d 49, 57 (Fla. 1st DCA 2015), is dicta, immaterial, and misplaced. Because it is dicta, it has only persuasive value; but it has failed to persuade both the Third and Fourth Districts. It is immaterial because the 2013 statutory language at issue trumps whatever perceived inconsistency the panel in Reid may have imagined with prior precedents. See Garcia, 178 So.3d at 436 (“Statutory Authority Eclipses Dicta”), In addition, the caselaw recited cannot be said to be inconsistent with the 2013 revision. Rather, though the older case- *168 law is not entirely consistent, it appears that a complainant had the right to pursue an action at law for a deficiency judgment if a deficiency is not sought or entered in the foreclosure proceeding. See Reid v. Miami Studio Props., 139 Fla. 246, 190 So. 505, 506 (1939); see also First Fed. Sav. & Loan Ass’n of Broward Cnty. v. Consol. Dev. Corp., 195 So.2d 856, 859 (Fla.1967) (“There has been no disturbance of the rule that if a deficiency is sought and the relief is overlooked or not considered, the one entitled to the recovery of the balance of the debt left over after the proceeds of the mortgage sale have been credited may sue for the remainder at law.”).
Second, whatever disagreement may exist about the efficiency of allowing a separate proceeding to pursue a deficiency judgment is best left to the Legislature, which has recently addressed and settled the matter. As the Third District said: “In our view, the Legislature drafted a clear statute that resolved the courts’ struggle with the issue in this case.” Garcia, 178 So.3d at 436. If the statutory “right to sue” in section 702.06 results in significant problems—which appears unlikely given the right in some form has existed for over 75 years—the legislative branch may wish to address them.