IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


DYCK-O'NEAL, INC.,

      Appellant,

 v.                                  Case Nos.  5D15-3005

WILLIAM BECKETT, II,

      Appellee.

_____/

Opinion filed July 1, 2016

Appeal from the Circuit Court
for Orange County,
John E. Jordan, Judge.

Susan B. Morrison, of Law Offices of Susan
B. Morrison, P.A., Tampa, for Appellant.

Austin Tyler Brown, of Parker & DuFresne,
P.A., Jacksonville, for Appellee.


LAMBERT, J.

The issue we address in this case is whether a trial court's reservation of jurisdiction in a final judgment of foreclosure to enter a deficiency judgment precludes a party from filing a separate action at law to recover a deficiency when the foreclosure court has neither granted nor denied the deficiency judgment. Our answer to this question is "no."

The relevant facts are not in dispute. Appellee was a defendant in a foreclosure action in which the plaintiff included in its complaint a request that the trial court reserve jurisdiction to award a deficiency judgment, if appropriate. The court eventually entered its final judgment of foreclosure and reserved jurisdiction to award a deficiency judgment. After the foreclosure sale, the plaintiff assigned the judgment and note, including the right to pursue a deficiency judgment, to Dyck-O'Neal, Inc. ("Appellant"). Rather than pursuing the deficiency judgment in the foreclosure action, Appellant filed a separate action at law against Appellee to recover a deficiency judgment. Appellee filed a motion to dismiss for lack of jurisdiction, arguing that the court that entered the final judgment of foreclosure and reserved jurisdiction to consider the entry of a deficiency judgment was the only court that had jurisdiction to consider the deficiency. The lower court agreed and entered the final order on appeal, dismissing the action based on a lack of subject matter jurisdiction.

The resolution of this appeal comes from the language of section 702.06, Florida Statutes (2014), which provides in pertinent part:

> In all suits for the foreclosure of mortgages heretofore or hereafter executed the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the sound discretion of the court; however, in the case of an owner-occupied residential property, the amount of the deficiency may not exceed the difference between the judgment amount, or in the case of a short sale, the outstanding debt, and the fair market value of the property on the date of sale. . . . *The complainant shall also have the right to sue at common law to recover such deficiency, unless the court in the foreclosure action has granted or denied a claim for a deficiency judgment.*

§ 702.06, Fla. Stat. (2014) (emphasis added).

Our sister courts in *Garcia v. Dyck-O'Neal, Inc.*, 178 So. 3d 433 (Fla. 3d DCA 2015), *Dyck-O'Neal, Inc. v. Weinberg*, 190 So. 3d 137 (Fla. 3d DCA 2016), and *Cheng v.*

2

*Dyck-O'Neal, Inc.*, 41 Fla. L. Weekly D1076 (Fla. 4th DCA May 4, 2016), have recently addressed the same issue pending before us. Both courts determined that the language in section 702.06 is unambiguous and that a separate action at law for a deficiency was permitted, notwithstanding the foreclosure court's reservation of jurisdiction in its final judgment to consider a deficiency. More recently, the First District Court of Appeal reached the opposite result, holding that a party is not entitled to pursue a separate action at law where the foreclosure complaint includes a prayer for a deficiency judgment and the trial court reserves jurisdiction to enter a deficiency judgment. *Higgins v. Dyck-O'Neal, Inc.*, 41 Fla. L. Weekly D1376 (Fla. 1st DCA June 9, 2016).

We agree with the Third District and Fourth District. Section 702.06 is unambiguous. The dispositive question under the statute is whether the foreclosure court has granted or denied a claim for a deficiency judgment. In the case below, the foreclosure court had not granted or denied a deficiency judgment. Thus, the plain language of section 702.06 permitted Appellant to bring the suit at issue to recover a deficiency against the Appellee, and the trial court erred in dismissing the action based on the lack of subject matter jurisdiction.[1] Accordingly, we reverse the final order of dismissal and remand with instructions to reinstate the complaint filed. We certify conflict with *Higgins v. Dyck-O'Neal, Inc.*, 41 Fla. L. Weekly D1376 (Fla. 1st DCA June 9, 2016).

REVERSED and REMANDED, with instructions; CONFLICT CERTIFIED.

LAWSON, C.J., and ORFINGER, J., concur.

---

[1] Although not applicable to the present case, we note that section 95.11(5)(h), Florida Statutes (2015), now provides for a one-year statute of limitations for an action to enforce a claim of a deficiency related to a note secured by a mortgage against a residential property that is a one-family to four-family dwelling unit.