NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LISA GDOVIN,                                    )
                                               )
            Appellant,                         )
                                               )
v.                                             )        Case No. 2D16-394
                                               )
DYCK-O'NEAL, INC.,                             )
                                               )
            Appellee.                          )
_____)

Opinion filed August 10, 2016.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Lee County;
Alane Laboda, Judge.

Austin Tyler Brown of Parker & DuFresne,
P.A., Jacksonville, for Appellant.

Susan B. Morrison of Law Offices of
Susan B. Morrison, P.A., Tampa, for
Appellee.

SILBERMAN, Judge.

        Lisa Gdovin seeks review of an order denying her motion for relief from

judgment in an independent deficiency action filed by Dyck-O'Neal, Inc., as assignee of

the underlying foreclosure judgment and note.  Gdovin unsuccessfully argued that the

circuit court lacked subject matter jurisdiction because jurisdiction to enter a deficiency

judgment rested solely with the foreclosure court.  We affirm.

The question here is whether a circuit court has subject matter jurisdiction to adjudicate an independent deficiency action when the plaintiff had requested deficiency relief in its complaint in a separate foreclosure action involving the same note and the foreclosure court had entered a final judgment reserving jurisdiction to grant deficiency relief. We answer the question in the affirmative. We agree with the Third District's conclusion that the plain language of section 702.06, Florida Statutes (2013), authorizes the filing of an independent deficiency action in such cases because "the foreclosure court did not grant or decline to grant the deficiency judgment claim." Garcia v. Dyck-O'Neal, Inc., 178 So. 3d 433, 436 (Fla. 3d DCA 2015); see also Dyck-O'Neal, Inc. v. Beckett, No. 5D15-3005, 2016 WL 3570108 (Fla. 5th DCA July 1, 2016); Dyck-O'Neal, Inc. v. Hendrick, No. 5D15-3790, 2016 WL 3570112 (Fla. 5th DCA July 1, 2016); Cheng v. Dyck-O'Neal, Inc., 41 Fla. L. Weekly D1076 (Fla. 4th DCA May 4, 2016); Dyck-O'Neal, Inc. v. Weinberg, 190 So. 3d 137 (Fla. 3d DCA 2016).

In so deciding, we certify conflict with the First District's decision in Higgins v. Dyck-O'Neal, Inc., 41 Fla. L. Weekly D1376 (Fla. 1st DCA June 9, 2016). The court in Higgins rejected the Third District's plain language interpretation of section 702.06 and instead concluded that the outcome was controlled by First Federal Savings & Loan Ass'n of Broward County v. Consolidated Development Corp., 195 So. 2d 856 (Fla. 1967), and Belle Mead Development Corp. v. Reed, 153 So. 843 (Fla. 1934). See Higgins, 41 Fla. L. Weekly at 1379. But as Judge Makar stated in his dissenting opinion in Higgins, the plain language of the 2013 amendment to section 702.06 "trumps whatever perceived inconsistency" exists with First Federal Savings and Belle Mead.

Id. at D1380 (Makar, J., dissenting).  We therefore affirm the order denying Gdovin's motion for relief from judgment.

Affirmed; conflict certified.


BLACK and SLEET, JJ., Concur.