DAMOORGIAN, J.
Appellant, Dyck-O’Neal, Inc., appeals an order dismissing its suit to recover a' deficiency judgment. Based on our holding in Cheng v. Dyck-O’Neal, Inc., — S0.3d -, 41 Fla. L. Weekly D1076, 2016 WL 2348304 (Fla. 4th DCA May 4, 2016), we reverse the final order of dismissal and remand with instructions to reinstate the complaint.
The genesis of this appeal was a foreclosure judgment in favor of EverHome Mortgage Company and against Appellee, Paul McKenna. The final judgment of foreclosure stated that the trial court retained jurisdiction to enter a. deficiency judgment. The proceeds of the foreclosure sale were insufficient to satisfy , the outstanding ‘judgment. EverHome assigned the judgment , and note to Dyck-O’Neal. • Thereafter, Dyck-O’Neal filed a new complaint against McKenna seeking to collect the “deficiency” (i.e., the difference between the amount of the judgment in the foreclosure action and the fair market value of the foreclosed property as’ of the date of the foreclosure sale). McKen-na filed a motion to dismiss for lack’ of subject matter jurisdiction, arguing that the court lacked jurisdiction over the separate deficiency action because the judgment of foreclosure reserved jurisdiction to enter a deficiency judgment in the court that entered the foreclosure judgment. The court granted the motion to dismiss for lack of subject matter jurisdiction. We note that at the time the trial court dismissed the case, the trial judge did not have the benefit of our decision in Cheng.
The issue presented here has been resolved by this court in Cheng. There, the borrower appealed the denial of his Rule 1.640 motion for relief from judgment on the ground that the trial court lacked jurisdiction to consider the deficiency action because the final judgment of foreclosure included an express reservation of jurisdiction to enter a deficiency judgment. This court held that section 702.06, Florida Statutes, “is unambiguous,” and “the foreclosure judgment’s reservation of jurisdiction does not preclude a separate suit to recover the deficiency where the foreclosure court has not' granted or denied a claim for a deficiency judgment.” Id. (citing Garcia v. Dyck-O’Neal, Inc., 178 So.3d 433 (Fla. 3d DCA 2015), and Dyck-O’Neal, Inc. v. Weinberg, 190 So.3d 137 (Fla. 3d DCA 2016)).
Thus, under this court’s holding, in Cheng, the trial court did not lack jurisdiction over the separate, deficiency action. *1040 Recently, the First District Court of Appeal reached the opposite result, holding that a party is not entitled to pursue a separate action at law where the foreclosure complaint includes a prayer for a deficiency judgment and the trial court reserves jurisdiction to enter a deficiency judgment. Higgins v. Dyclo-O’Neal, Inc., — So.3d-, 41 Fla. L. Weekly D1376, 2016 WL 3191146 (Fla. 1st DCA June 9, 2016). Accordingly, we certify conflict with Higgins v. Dyck-O’Neal, Inc., — So.3d-, 41 Fla. L. Weekly D1376, 2016 WL 3191146 (Fla. 1st DCA June 9, 2016).

Reversed and remanded with instructions; conflict certified.

GROSS and TAYLOR, JJ., concur.