IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SYLVIA HIGGINS and
COLLIER HIGGINS,

    Appellants,

v.

                          CASE NO. 1D15-4784

DYCK O'NEAL, INC.,

    Appellee.

_____/

Opinion filed September 28, 2016.

An appeal from the Circuit Court for Duval County.
Lawrence P. Haddock, Judge.

Austin T. Brown of Parker & DuFresne, P.A., Jacksonville, for Appellant.

Susan B. Morrison of Law Offices of Susan B. Morrison, P.A., Tampa, for Appellee.

## OPINION ON MOTION FOR REHEARING

PER CURIAM.

Appellee's "Motion for Rehearing and Motion for Certification to the Florida Supreme Court of this Court's Opinion dated June 9, 2016," dated June 24, 2016, is DENIED. Appellee's "Motion for Rehearing *En Banc* of this Court's Opinion dated June 9, 2016," dated June 24, 2016, is DENIED.

B.L. THOMAS and LEWIS, JJ., CONCUR; MAKAR, J., DISSENTING.

MAKAR, J., DISSENTING.

Dyck-O'Neal, Inc., asks that we certify conflict with the uniformly favorable decisions it has obtained in Third and Fourth District cases on the same issue presented in this case.[1] Doing so would relieve the company from having to convince the Florida Supreme Court that "express and direct" conflict jurisdiction exists; certification results in per se jurisdiction. State v. Vickery, 961 So. 2d 309, 312 (Fla. 2007) ("The difference is that a certification of conflict provides us with jurisdiction per se."). It is a small ask because the majority explicitly rejects the Third District's decision in Garcia, which began the unbroken string of district courts (save for ours) that have upheld the clear language of section 702.06, Florida Statutes. The drum beat has gone on. The Fifth District recently held that the "plain language" of section 702.06 permitted the company to pursue the "deficiency judgment in a separate action, as opposed to reopening the original foreclosure proceeding[.]" Dyck-O'Neal, Inc. v. Rojas, 41 Fla. L. Weekly D1636

---

[1] See Dyck-O'Neal, Inc. v. Weinberg, 190 So. 3d 137, 138-39 (Fla. 3d DCA 2016) (reversing an order dismissing for lack of jurisdiction based on "unambiguous" and "plain language of the statute"); Garcia v. Dyck-O'Neal, Inc., 178 So. 3d 433, 436 (Fla. 3d DCA 2015) ("When the clear and unambiguous language of a statute commands one result, as here, . . . we must apply the statute so as to give effect to legislative intent."); see also Cheng v. Dyck-O'Neal, Inc., 41 Fla. L. Weekly D1076b (Fla. 4th DCA May 6, 2016) (following holdings in Garcia and Weinberg). The Fourth recently certified the existing conflict with this case in Dyck-O'Neal, Inc. v. Stavola, No. 4D15-4057, 2016 WL 4470148 (Fla. 4th DCA Aug. 24, 2016), and Dyck-O'Neal, Inc. v. McKenna, No. 4D15-3571, 2016 WL 426111 (Fla. 4th DCA Aug. 12, 2016).

2

(Fla. 5th DCA July 15, 2016); indeed, in two recent cases it held that the "plain language" of the statute is "unambiguous" in allowing the company to bring a separate suit to recover a deficiency judgment, both certifying conflict with the decision in this case. Dyck-O'Neal, Inc. v. Hendrick, 41 Fla. L. Weekly D1551b (Fla. 5th DCA July 1, 2016); Dyck-O'Neal, Inc. v. Beckett, 41 Fla. L. Weekly D1551a (Fla. 5th DCA July 1, 2016). And the Second District recently characterized section 702.06 as allowing the "filing of the statutorily permitted independent action to pursue the deficiency" at issue in that case, Aluia v. Dyck-O'Neal, Inc., 41 Fla. L. Weekly D1660 (Fla. 2d DCA July 15, 2016), and even more recently certified conflict with this case, finding the "plain language" of the statute that allows pursuit of an independent deficiency action. Gdovin v. Dyck-O'Neal, Inc., 41 Fla. L. Weekly D1839b (Fla. 2d DCA Aug. 10, 2016). Indeed, even our court has allowed an independently filed complaint for a deficiency judgment under section 702.06 to proceed. See Dyck-O'Neal, Inc. v. Huthsing, 181 So. 3d 555 (Fla. 1st DCA 2015). Because all other districts are aligned against us, certifying conflict is appropriate; alternatively, we should grant the company's motion to review this case en banc and alleviate the need for supreme court review altogether.

3