NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DYCK-O'NEAL, INC.,  )
  )
         Appellant,  )
  )
v.  ) Case No.  2D15-4064
  )
KARAKOSTAS KONSTANTINOS,  )
  )
         Appellee.  )
  )

Opinion filed December 9, 2016.

Appeal from the Circuit Court for Polk
County; Keith P. Spoto, Judge.

Susan B. Morrison of the Law Offices of
Susan B. Morrison, P.A., Tampa, for
Appellant.

Austin Tyler Brown of Parker & DuFresne,
P.A., Jacksonville, for Appellee.


PER CURIAM.

          Dyck-O'Neal, Inc., challenges the trial court's final order dismissing its

one-count complaint seeking a deficiency judgment against Karakostas Konstantinos.

On March 2, 2009, a final judgment of foreclosure was entered against Konstantinos

and in favor of JP Morgan Chase.  JP Morgan's foreclosure complaint included a prayer

for deficiency relief, but the trial court in its final judgment of foreclosure did not address

that prayer and instead retained jurisdiction to consider it later. Dyck-O'Neal subsequently purchased the final judgment for the purpose of pursuing the deficiency. After Dyck-O'Neal filed its one-count action against him, Konstantinos moved to dismiss, arguing that because the foreclosure complaint sought to recover the deficiency and because the foreclosure court reserved jurisdiction on the issue, the circuit court lacked subject matter jurisdiction to hear the deficiency claim and Dyck-O'Neal had to seek relief in the original foreclosure proceeding. The trial court agreed and dismissed the complaint. This was error. Because a separate deficiency action such as the underlying one is authorized by the plain language of section 702.06, Florida Statutes (2013), we reverse.

This court has already addressed the issue of "whether a circuit court has subject matter jurisdiction to adjudicate an independent deficiency action when the plaintiff had requested deficiency relief in its complaint in a separate foreclosure action involving the same note and the foreclosure court had entered a final judgment reserving jurisdiction to grant deficiency relief." Gdovin v. Dyck-O'Neal, Inc., 198 So. 3d 986, 986 (Fla. 2d DCA 2016). In Gdovin, we concluded that the circuit court does have subject matter jurisdiction in such circumstances, agreeing with the Third District's reasoning in Garcia v. Dyck-O'Neal, Inc., 178 So. 3d 433, 436 (Fla. 3d DCA 2015), a case on which Dyck-O'Neal relies herein. This court stated: "[T]he plain language of section 702.06, Florida Statutes (2013),[1] authorizes the filing of an independent

---

[1]Section 702.06 provides as follows:

In all suits for the foreclosure of mortgages heretofore or hereafter executed the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the sound discretion of the court . . . . The complainant shall

- 2 -

deficiency action in such cases because 'the foreclosure court did not grant or decline to grant the deficiency judgment claim.' " Gdovin, 198 So. 3d at 986 (quoting Garcia, 178 So. 3d at 436).

As such, we reverse the trial court's final order granting Konstantinos's motion to dismiss and remand for further proceedings. Additionally, as we did in Gdovin, we certify conflict with Higgins v. Dyck-O'Neal, Inc., 41 Fla. L. Weekly D1376 (Fla. 1st DCA June 9, 2016), in which the First District "rejected the Third District's plain language interpretation of section 702.06." Gdovin, 198 So. 3d at 987.

Reversed and remanded; conflict certified.

KHOUZAM, SLEET, and BADALAMENTI, JJ., Concur.

---

also have the right to sue at common law to recover such deficiency, unless the court in the foreclosure action has granted or denied a claim for a deficiency judgment.

(Emphasis added.)