CHARLES D. PROVOST, JOHN E. REED and E. L. PORTER, *Plaintiffs in Error,* v. E. E. SWINSON, *Defendant in Error.*

Opinion filed March 13, 1933.
146 So. 641.
Division B.

*James J. Jackson,* for Plaintiffs in Error;

*John D. Shepard,* for Defendant in Error.

BUFORD, J.—This case is before us on writ of error in the Circuit Court of Brevard County. The plaintiffs in error were defendant in the court below and judgment was obtained against them by the plaintiff. The suit was based upon certain notes secured by mortgage. The defendant filed a plea in abatement. The plea in abatement alleged that on the same date on which the suit at law was filed in the Circuit Court of Brevard County a suit was filed on the Chancery side of the Court by the same plaintiff against the same defendant to foreclose the mortgage which secured the notes and that in that suit the complainant specifically prayed for a deficiency decree to operate as a personal judgment against the defendant.

The plea sufficiently alleges that the parties to both suits were identical and that both suits were for the purpose of enforcing the payment of the same claim.

Motion to strike the plea was interposed and granted. Thereupon motion for default judgment was filed. Default

judgment was entered and final judgment consequent thereon was also entered.

In the case of Sanford v. Cloud, 17 Fla. 532, this Court said:

"It is true that the Judge, after argument of the motion to strike out certain pleas in the consideration of which the matter of a stay of proceedings did not necessarily or properly enter, had before this motion for continuance declined to hear that motion until 'after the determination of the chancery suit of H. S. Sanford v. Aaron Cloud,' but in the absence of anything upon the record showing the pendency of that suit, or of anything setting up the matter in proper form of pleading, it was error for the court to award such stay of proceedings, and we presume from this last ruling upon the motion for a continuance, that the court subsequently took the correct view of the matter and denied the motion, the effect of this action was to put the party to his proper plea if he had any, and it was exactly what the court should have done in the matter. The rule is, unquestionably, that when two courts have concurrent jurisdiction over the same subject matter, the court in which the suit is *first* commenced is entitled to retain it, (1 Marc. Chy. 354; 9 Wheat. 532; 14 Fla. 301,) but the prior pendency of such suit should be made the subject of defense to the action, and not for a simple postponement of its trial. The affidavit here does not state that the chancery suit was first pending. Again, it was apparent that the pleadings were in such condition that further action was necessary before the issues could be made up. There was a motion to strike out certain pleas, which ought to have been determined at once. Consequent upon the ruling of the court in this matter, it might well have presumed, as was the case, that

defendant would ask to amend his pleading by adding new and additional pleas.

"But it may be said that the Judge of the Circuit Court and the Chancellor are the same persons, and it is proper for him to act upon his knowledge as Chancellor in the court of common law. This is not the rule. 5 Blackford 443. In case of an appeal from a common law judgment rendered in a case where a continuance was denied, how could the party have the benefit of the Chancellor's personal knowledge of the pendency of proceedings between the same parties, and in reference to the same subject matter in a Court of Chancery, unless brought to our attention by proper plea, or in some other recognized method in the common law case?"

In that case there was a motion before the Court for a continuance until after the determination of the Chancery case pending between the same parties. By inference, this Court held in that case that a plea in abatement would have been proper.

In Edwards v. Meyer, 130 Sou. 57, we said:

"The purpose of the statute authorizing the entry of deficiency judgments in foreclosure proceedings was to relieve the parties from the expense and vexation of two suits, one equitable and the other legal, where the whole controversy could be adjusted in one suit. There is no reason for taking a mortgage out of that convenient and beneficent rule. See Frank v. Davis, 135 N. Y., 275, 31 N. E. 1100, 17 L. R. A. 306.

"Prior to the statute, Chapter 11993, Acts 1927, Section 5751, Comp. Gen. Laws 1927, amended by Chapter 13625, Acts 1929, the power was exercised under a rule having the effect of a statute. See Realty Mortgage Co. v. Moore,

80 Fla. 2, 85 So. 155; Etter v. State Bank, 76 Fla. 203, 79 Sou. 724."

In Cragin et al. v. Ocean & Lake Realty Co., 101 Fla. 1337, 135 Sou. 795, this Court, speaking through Mr. Justice Brown, said:

"When plaintiffs in error filed their foreclosure proceedings they had two remedies as to any deficiency that might exist after applying the proceeds of the foreclosure; they could apply to the equity court to adjudicate and grant them a deficiency decree, or they could have refrained from invoking the jurisdiction of equity in this regard and have sued at law for any balance due on the notes after applying the proceeds of the foreclosure. It is true that it is not mandatory upon the court of equity to exercise such jurisdiction, and we have held in several cases, commencing as far back as Webber v. Blanc, 39 Fla. 224, 22 So. 655, that if no decree for deficiency is entered by the court of equity, the complainant may sue at law for the balance due on the mortgage notes; but we have never held that under rule 89, or the Act of 1927, a party could invoke the jurisdiction of equity and obtain a decree for any portion of a deficiency, and then without appealing from such decree, go into court and maintain a suit on the same cause of action which he had just submittted to the equity court.

In the later case of Atlantic Shores Corporation v. Zetterlund, 103 Fla. 761, 138 So. 50, Mr. Justice Davis, speaking for the Court, quoted from the opinion of Mr. Justice Ellis in Etter v. State Bank, 76 Fla. 203, 79 So. 724, said:

"The rule providing for the entry of a deficiency judgment in a suit in equity to foreclose a mortgage rests upon the general rule that where a court of equity obtains jurisdiction of an action, it will retain it and administer full relief, both legal and equitable, as far as it pertains to the

same transactions or the same subject matter. Thus the parties are relieved from the expense and vexation of two suits, one equitable and the other legal."

And following this quotation, he said:

"Therefore, when a foreclosure proceeding is brought against a party personally liable for the mortgage debt, and the complainant asks for a personal judgment for a deficiency which may exist after the foreclosure sale, the granting of his prayer is discretionary, and the exercise of the power to grant such prayer involves in the main, two considerations:

"(1) Whether the equity court, under the facts and circumstances of the case, will enter upon the legal inquiry at all;

"(2) How far the equity court will in the equity suit deal with the legal claim and allow it by way of a personal decree against the defendant. This latter phase involves the decision of the chancellor as to whether the court of equity may conscientiously under the facts and circumstances allow a judgment for the *whole* of the deficiency or permit judgment to be taken only for a part or none of it.

"On the other hand, if the equity court refuses to enter upon the legal phase of the case at all, and without going into the equities of the prayer for the granting of a deficiency decree, refuses to entertain that phase of the case, the result is a refusal of the chancellor to exercise jurisdiction at all in the particular case, and in consequence, a suit at law is permitted to be brought and maintained for the deficiency that the equity court refused to allow in the equity proceeding, because the claim was a legal one which the equity court had determined was one which under equitable considerations and principles, should not be dealt with though permissible to be dealt with at the chancellor's

discretion. See Gober v. Braddock, 131 So. 407, 100 Fla. 1406.

"But, where the chancellor does not just merely refuse to entertain the prayer for deficiency by refusing to enter upon the legal aspects of the case at all, and on the contrary, does entertain such prayer and hears and considers pleadings and evidence for and against the entry of such a decree, or concerning the amount of it, if one is to be entered, the decision of the chancellor as has been so ably pointed out by Mr. Justice BROWN in Cragin v. Ocean & Lake Realty Co., 101 Fla. 1324, 133 Sou. 569, also 101 Fla. 1327, 135 So. 795, then becomes the equivalent of a judgment in a common law action and is *res judicata,* and whatever error may have been committed in the decree rendered, is subject to redress and correction only by a direct appeal in the pending cause."

Now, with these enunciations of the law as it existed at the time of the filing of the plea in abatement, and as it now obtains, clearly before us, we are to determine whether or not the Court committed reversible error in granting the motion to strike the plea. The case which we have found most nearly in point is that of Witter v. Neeves, et al., from the Supreme Court of Wisconsin filed January 13, 1891, reported 47 N. W. 938. The headnote to that case is:

"Where the plaintiff in a foreclosure suit unites with his prayer for foreclosure and sale one for a deficiency judgment as allowed by Rev. Stat. No. 3156, such suit, while pending, is a bar to an action at law on the mortgage debt."

In that opinion Mr. Justice ORTON, speaking for the Court, said:.

"If the order for judgment to be rendered is a final determination of the court, it is as much *res adjudicata* as a

formal judgment would be. In Ketchum v. Breed, 54 Wis. 131, 11 N. W. Rep. 238, it is held that the defendant's liability for any deficiency upon a foreclosure sale having been put in issue by the complainant and answer in the foreclosure suit, and determined against him by the judgment, he cannot have that question retried in another action. Mr. Justice Cole says in the opinion: 'That adjudication is conclusive and binding upon him. He cannot in this manner re-try the question, whether he was liable to pay any deficiency arising on a sale of the mortgaged premises or not. The matter is *res adjudicata.*' The defendant sought to enjoin the judgment for deficiency. It is just the same in principle as if the plaintiff had brought another action for such deficiency. This case seems to be in point. In Palmeter v. Craey, 63 Wis. 426, 21 N. W. Rep. 793, and 23 N. W. Rep. 586, it became necessary to construe this statute as to the effect of the adjudication of the defendant's liability for the deficiency. It seems to have been contended by the defendant that his liability ought to be determined in an action at law: Mr. Justice Lyon says in the opinion: 'The statute is purely remedial. Its purpose is to avoid circuity of action by settling in the foreclosure suit all the rights of the parties thereto, thus avoiding the necessity of another suit,' etc. There is no way of avoiding the conclusion that this adjudication and order in and a part of the judgment of foreclosure, of the deficiency, is' a final determination of that question, and has the effect of a judgment within the definition of the statute above cited. In the original judgment of the court adjudged the order which makes it a part of the judgment. 'A judgment in a real or personal action, unreversed, is a perpetual bar and may be pleaded to any new action of the same or like nature, for the same cause.' Bac. Abr. 'Pleas;' Ferrer's Case, 6

Coke 7. The judgment of foreclosure is a bar to this action."

When the complainant filed his bill in equity to foreclose the mortgage and therein prayed for a deficiency decree, he elected that forum in which to have his right adjudicated and became bound by that choice. He was not compelled to invoke the jurisdiction of the Chancery Court for a deficiency decree having the force and effect of a judgment; but, having done so, he precluded himself from invoking the same or any other jurisdiction to enforce the payment of the claim upon which he sought that decree, at least until such time as the chancellor had determined whether or not he would assume to exercise the jurisdiction of determining whether or not a deficiency decree should be entered; and, if the chancellor in due course should assume jurisdiction to determine that issue and should hold that the complainant was not entitled to a deficiency decree in any amount the complainant would be barred by such decree from attempting to enforce his claim in any other jurisdiction. Or, if the chancellor, assuming jurisdiction to determine that matter, should grant a deficiency decree in any amount, the parties would be bound by that decree, unless it should be reversed on appeal.

The order striking the plea in abatement was error and, therefore, the judgment should be reversed with directions that the cause be remanded for further proceedings not inconsistent with this opinion. It is so ordered.

DAVIS, C. J., and WHITFIELD, TERRELL and BROWN, J. J., concur.