BELLE MEAD DEV. CORP. v. EUGENE C. A. REED.

153 So. 843.
Division A.
Opinion Filed March 21, 1934.
Petition for Rehearing Denied April 18, 1934.

*Thomas N. Tappy* and *B. F. Brass,* for Plaintiff in Error; *Paul W. Harvey,* for Defendant in Error.

ELLIS, J.—At the beginning of this opinion we wish to express our appreciation of the work of the attorneys in this case in the matter of the preparation of the transcript of the record. Not only the typing which is almost perfect, and we use the qualifying adjective through perhaps an excess of conservatism in the light of the prevailing belief that no human work is perfect, but the arrangement of the transcript is a model of efficient work in such matters.

We cannot say so much for the pleadings. The issue on which the case was finally decided and the one question presented for determination by this Court is found in one plea and the allegations of the declaration. The evidence submitted was refreshingly concise and the cause accurately determined by the trial judge.

The facts were that in August, 1928, Eugene C. A. Reed executed three promissory notes, two of them were for $5,000.00 and one for $5,974.84. They were payable to Robert L. and Lula McElroy, one, two and three years after date, respectively.

The payment of the notes was secured by a mortgage on real estate. It was alleged that the notes were "assigned and delivered before maturity" to Belle Mead Development

Corporation, the plaintiff in this case. Pleas eleven and twelve to the first and second count of the declaration and pleas twelve and thirteen to the third count averred that in March, 1930, the Belle Mead Corporation instituted its suit for the foreclosure of the mortgage which secured the payment of the notes and in the bill the complainant prayed for a deficiency decree; that a decree of foreclosure was obtained, the property sold, the proceeds applied to the payment of the debt, and the complainant asked for a deficiency decree which was resisted by the defendant and the chancellor refused to enter a deficiency judgment.

In October, 1930, the corporation began this action at law to recover on the promissory notes. The court at the beginning of the trial struck those pleas which we think was error, but during the trial the evidence disclosed more in detail what the pleas averred as a defense, namely that there was a foreclosure proceeding, the debt adjudicated to be due was $18,507.85, the property brought at sale $12,000.00, leaving a balance of $6,507.85.

The defendant offered in evidence the bill of complaint in the foreclosure proceeding for the purpose of showing the prayer for a deficiency decree. It was as follows: "If the proceeds of such sale or sales, after paying all of the said costs, charges and expenses as aforesaid, should be insufficient to pay the sum or sums due to your orator by the decree of this Court, that your orator have a decree and judgment of this Court against the said defendant, Eugene C. A. Reed, for such deficiency."

The court announced that it would take judicial notice of the record in the cause tried before him when the records were presented to him and called to his attention.

There was no error in that ruling and no exception was taken to it. The statement admits of some qualifications

and is not corrected as a general proposition. 15 R. C. L., p. 1113.

There was a verdict for the defendant and judgment in his behalf to which the plaintiff took a writ of error.

The plaintiff in error by its counsel states in the brief that the only question involved is the following:

"Question: Does a prayer for a deficiency decree in a bill of complaint in a mortgage foreclosure suit preclude a suit at law for a balance due on the notes, after the conclusion of such foreclosure suit, wherein no order was made in reference to such deficiency, and wherein the complainant made no application to the equity court to adjudicate or grant a deficiency, but refrained from invoking the jurisdiction of equity in this regard?"

A part of the question as stated seems not to be justified by the record. It consists of the statement that the complainant in the foreclosure suit "made no application to the equity court to adjudicate or grant a deficiency, but refrained from invoking the jurisdiction of equity in this regard." We fail to find any justification in the record for that statement. However, it is unimportant as the court is of the opinion that the prayer for the deficiency decree was a submission of the question to the jurisdiction of the chancery court. See Provost v. Swinson, 109 Fla. 42, 146 South Rep. 641.

In the case of Coe-Mortimer Company v. Dusendschon, decided January 25, 1934, not yet published, this Court held that while the court may enter a deficiency decree in a foreclosure proceeding under the general prayer for relief, yet the complainant does not waive his right to submit the question nor its right to proceed at law where the complainant expressly stated in its motion for a confirmation of

the sale that it did not ask the court to exercise its jurisdiction in the matter of decreeing a deficiency.

In the case at bar there was a special prayer for affirmative relief in that particular. The complainant thereby elected that forum in which to have its rights adjudicated and became bound by that choice.

After specifically praying for a deficiency the complainant may waive the relief prayed for in that regard but it does not avoid the choice of the forum by not applying for the deficiency decree.

See other cases, Webber v. Blane, 39 Fla. 224, 22 South. Rep. 655; Woodward v. Dishong, 102 Fla. 347, 135 South. Rep. 804; Cragin v. Ocean & Lake Realty Co., 101 Fla. 1337, 135 South. Rep. 795; Taylor v. Prine, 101 Fla. 967, 132 South. Rep. 464, for discussion upon the subject.

In Garner v. Slack, 102 Fla. 635, 136 South. Rep. 444, it was held that a chancery court may enter a deficiency decree under a prayer for general relief; so, also, in Snell v. Richardson, 67 Fla. 386, 65 South. Rep. 592, and a prayer for a deficiency therefore is not necessary to invoke the jurisdiction of the court, and in the Coe-Mortimer case, *supra,* the court said it is doubtful if the court has power to consider the question under a prayer for general relief over the complainant's expressed desire that he does not wish the question considered and is asking for no deficiency decree. While the prayer for general relief may be broad enough to administer such relief when followed by a specific petition for the exercise of jurisdiction, it is quite a different thing to specifically invoke the exercise of such power by a special prayer in the bill and then attempt to set aside the chancellor's power by the negative course or merely not asking for the decree.

Such course may be a waiver of the decree but not a waiver of the choice of a forum which was made when the bill was filed containing the special prayer.

The judgment is affirmed.

DAVIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BUFORD, J., concur in the opinion and judgment.

BROWN, J., not participating.