JOSEPH C. REID v. MIAMI STUDIO PROPERTIES, INC.

190 So. 505
Division A
Opinion Filed July 11, 1939
Rehearing Denied August 1, 1939

*Redfearn & Ferrell,* for Plaintiff in Error;

*Alonzo Wilder,* for Defendant in Error.

TERRELL, C. J.—Plaintiff in error Joseph C. Reid, secured a judgment at law against defendant in error, Miami Studio Properties, Inc., for the sum of $9,000. To secure the payment of said judgment, defendant executed two promissory notes secured by a mortgage on certain realty in favor of the plaintiff. The notes matured and were not paid, so Reid filed suit in equity to foreclose the mortgage. There was a final decree for $10,005.00 principal and interest, $450 attorney's fees, $20.00 master's fee, in addition to cost of foreclosure to be taxed by the Clerk of the Court.

Said amounts were by the final decree ordered to be paid within one day and in default thereof, the mortgaged premises sold and after payment of the amounts designated above, the balance applied on the judgment. The defendant failing to pay as he was adjudged to do, the mortgaged premises were advertised and were sold for the sum of $5,000.00, which sale was confirmed, the plaintiff being the purchaser.

In his bill to foreclose, complainant prayed for deficiency decree in the event the property did not bring enough to pay the amount of the indebtedness and costs. After deducting fees and the expense of sale, the master had a balance of $4,908.11, which he applied *pro tanto* on the judgment. Leaving a balance due of $5,556.89. The chancellor did not enter a deficiency decree and did not consider this phase of the prayer for relief.

Predicated on these facts, Reid filed his amended declaration to recover the balance due on his foreclosure decree claiming damages in the sum of seven thousand dollars. There was a demurrer asserting that the amended declara-

tion presented no issue to be adjudicated, the reason being that it constituted an attempt to collect a deficiency growing out of a mortgage foreclosure which could not be done because there was a prayer for deficiency decree and that such a prayer constituted an election of remedies which barred complainant from maintaining a common law action to recover. The demurrer was sustained and plaintiff declining to plead further, final judgment was entered and plaintiff took writ of error.

The sole question presented is whether or not under the facts stated, the plaintiff Reid can now maintain an action at law to recover the amount of the deficiency judgment which he prayed for in the foreclosure but which prayer was not considered.

Defendant in error contends that this question should be answered in the negative because the plaintiff in error elected his forum and is bound by the result of his election. He relies on Provost, *et al.,* v. Swinson, 109 Fla. 42, 146 So. 641; Belle Meade Dev. Co. v. Reed, 114 Fla. 300, 153 So. 843; and Doffrin v. Sayles, 128 Fla. 622, 175 So. 236, to sustain this contention.

Plaintiff in error, on the other hand, contends that the doctrine of election of the forum or as he says more accurately, the election of remedies, has no application to this case. He contends that the question posed should be answered in the affirmative and relies on the necessary inference that should be drawn from the interpretation of Section 5751, Compiled General Laws of 1927, to support this contention, the pertinent part of which statute is as follows:

"In all suits for the foreclosure of mortgages heretofore or hereafter executed the entry of a deficiency, should one exist, shall be within the sound judicial discretion of the

court, but the complainant shall also have the right to sue at common law to recover such deficiency; * * *."

It will be noted that the question *vel non* of granting a deficiency decree is one purely in the discretion of the chancellor. If the Chancellor had ruled on that question in the foreclosure suit, his ruling might have concluded the question we are confronted with here. If he had ruled that no deficiency could have been granted, certainly this would have foreclosed any question as to the election of a forum.

We understand the law to be that where there is no prayer for a deficiency and where one is not sought or entered in the foreclosure proceeding the law courts may be resorted to to recover one. Since the entry of a deficiency decree under Section 5751, Compiled General Laws of 1927, is within the sound discretion of the chancellor and if entered, the one in whose favor it is entered may resort to a suit at law to recover it, we see no basis for the logic that he is precluded from an action at law to recover one if the chancellor is importuned to enter it and declines to consider the question or to make any ruling thereon.

The cases relied on by defendant in error have been examined. They involve other factual situations affecting deficiencies but we do not consider that they rule the question we have here, nor are we convinced that the elements essential to constitute an election of remedies are present.

In fine, we understand Section 5751, Compiled General Laws of 1927, to mean that if a deficiency decree is asked for in a foreclosure and granted, that settles the question of what forum may be sought for relief but if not asked for or if asked for and overlooked or not considered, the right of the claimant is not affected. He may sue at law and recover such portion as he may prove himself entitled to.

The judgment is accordingly reversed.

Reversed.

BUFORD and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.