JETTA CRAWFORD, a Married Woman, by Her Next Friend, THOMAS CRAWFORD, v. DEWING WOODWARD, a *Femme Sole.*

191 So. 311
Division B
Opinion Filed September 15, 1939
Rehearing Denied October 27, 1939

*Ralph O. Cullen,* for Plaintiff in Error; *I. P. Henderson,* for Defendant in Error.

WHITFIELD, P. J.—Only a question of law is presented.

In an action to recover a balance where a purchase money mortgage foreclosure sale did not produce an amount of money sufficient to pay the mortgage debt, and no deficiency decree was recovered, there was a plea to the effect that the bill of complaint in the foreclosure suit contained a prayer "That in case of such sale said property hereinabove described, if the amount realized shall not be sufficient to satisfy the amount found to be due to the complainant, and there should be a deficiency, then that a deficiency decree for such amount may be entered in favor of complainants and against the defendant herein." It also appears that after decree and sale the motion of the plaintiff for decree confirming the sale contains the following: "Complainants are not asking for a deficiency decree."

The court overruled a demurrer to the plea. A replication was filed on which verdict and judgment for the defendant were rendered. Plaintiff took writ of error.

While plaintiff in the foreclosure suit prayed for a deficiency decree in case the property sold for less than the mortgage debt; yet the plaintiff in the motion for confirmation of the foreclosure sale, expressly states that "Complainants are not asking for a deficiency decree" and none was rendered by the chancellor; and having elected his forum and prayed for a remedy by deficiency decree which was waived or abandoned after decree of foreclosure and sale, an action at law cannot now be maintained for a deficiency. Reid v. Miami Studio Properties, Inc., 139 Fla. 246, 190 Sou. Rep. 505, is not in point. See Cragin v. Ocean & Lake Realty Co., 101 Fla. 1325, 133 So. 569; Belle Mead Dev. Corp. v. Reed, 114 Fla. 300, 153 So. 843; Coffrin v. Sayles, 128 Fla. 622, 175 So. 236; Provost v. Swinson, 109 Fla. 42, 146 So. 641.

Affirmed.

BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.