THOMAS, Justice:
The petitioner brought a suit in Palm Beach County to foreclose a mortgage and in its complaint prayed for a deficiency decree if the proceeds of the mortgage sale were less than the amount due on the mortgage. The final decree of foreclosure expressly reserved jurisdiction in the court for the determination of any motion for a deficiency decree.
Then the petitioner brought an action in Broward County to recover the deficiency and subsequently represented to the Palm Beach County Circuit Court that inasmuch as no motion had been made there for a deficiency decree, there was no longer need for retention of jurisdiction of the cause in that court. Whereupon there was entered in the Circuit Court of Palm Beach County, ex parte, an order terminating jurisdiction of the cause in that court.
The matter came to issue in the Broward County Circuit Court where it was ruled that the petitioner had selected its forum, the Palm Beach County Circuit Court, and should not, therefore, be permitted to subject the respondents to further harassment and expense, so the cause was dismissed.
This judgment was brought to the District Court of Appeal, Fourth District, 184 So.2d 471, where it was observed that the case appeared not to have been based on the merits, on the defenses of res judicata or waiver but upon the ground that since the jurisdiction of the Palm Beach County Circuit Court had been invoked, jurisdiction it had of the claim and all the parties. “To remove the basis for such a conclusion,” continued the District Court of Appeal, “the plaintiff sought to divest the chancellor [of his power to act further] in the mortgage foreclosure action by obtaining an order terminating jurisdiction and the chancellor adjudged that plaintiff’s ‘motion to terminate jurisdiction * * * is hereby granted ex parte.’ ”
It should be stressed here that the law action,, in Broward County, was filed 3 July 1964, and that the “ex parte” abandonment of jurisdiction by the Palm Beach County Circuit Court did not take place until 29 July 1964, 26 days later. The case was decided by the District Court of Appeal on the principle that a court may not switch its *858 jurisdiction, or power, on and off as one would an electric light and pronounced its ruling in much more eloquent language: “Jurisdiction is power, which power is for the benefit of the parties involved. For the purposes of deficiency decrees vel non this power is not for the benefit of the court; hence, it cannot waive its jurisdiction in that regard. It may refuse or refrain from exercising the power, but the chancellor cannot abjure a court of equity of its innate or inborn jurisdiction by mere words of jacitation. It is our conclusion that the Palm Beach County Circuit Court still has jurisdiction of the subject matter of the question of a deficiency decree notwithstanding the plaintiff’s motion filed there to 'terminate jurisdiction’ and the ex parte order entered thereon. We hold that the summary final judgment constitutes a dismissal without prejudice to the plaintiff’s right to have the question of deficiency determined by the Palm Beach County Circuit Court.”
This court on first examination of the petition for certiorari concluded that argument should be heard on the matter because of apparent conflict with decisions of this court we will enumerate:
Frank v. Levine, Fla.App., 159 So.2d 665; Reid v. Miami Studio Properties, Inc., 139 Fla. 246, 190 So. 505; McLarty v. Foremost Dairies, Inc., Fla., 57 So.2d 434; Luke v. Phillips, 148 Fla. 160, 3 So.2d 799; and Colmes v. Haco, Inc., Fla.App., 152 So.2d 524.
We have listed the cases with which conflict is claimed in the order of their presentation by the petitioner in its brief.
The ruling in Frank, by the District Court of Appeal, Third District, simply states that the right to secure a deficiency decree at law following a mortgage foreclosure is conferred by Sec. 702.06, F.S.A., and that exceptional circumstances which would preclude the action were not shown. This was followed by speculation that the trial judge may have felt, when he dismissed the cause, that equitable considerations might have affected the recovery, but, said the court, there appeared no reason that any such equitable consideration would not be available in the law action. Plainly such does not present a conflict between that case and this one.
In Reid it was decided that if a deficiency decree is not requested or if requested and overlooked or not considered, the right of the complainant to sue at law is not affected. In the instant case the request was-made in the complaint and apparently was-not immediately considered but was deferred as the court retained jurisdiction to' settle any motion for deficiency. So it may be said that the request for deficiency was neither considered nor overlooked. Here again on the salient facts the plaintiff was not at this point free to seek an adjudication elsewhere, hence a conflict was not developed.
In McLarty there was a prayer for a deficiency but thereafter request for that relief was ignored. This had occurred in the Volusia County Circuit Court. Later the-plaintiff sued in Duval County and was-awarded a judgment which this court permitted to stand on authority of Reid and! Luke.
This brings us to Luke where the ruling was essentially the same as the one in Reid-
In Colmes the issue was the validity of the chancellor’s order denying the deficiency but the problem of determining which of two fora had jurisdiction was not involved.
Upon close study we are unable to discover the conflict that would vest jurisdiction in this court because there appears to> be no inconsistency between what was held! here and what was decided in the cited! cases. Nor do we find any evidence of interference with the relevant portion of Sec-702.06, supra, securing the right to sue at law for a deficiency resulting from foreclosure. The court simply held that the right may not be exercised in the manner attempted here.
*859 There has been no disturbance of "the rule that if a deficiency is sought and the relief is overlooked or not considered, -the one entitled to the recovery of the balance of the debt left over after the proceeds of the mortgage sale have been credited may sue for the remainder at law. But the principle would have to be stretched out of form to condone what the plaintiff undertook in -.this case.
So we conclude that the decision of the District Court of Appeal is sound, does not disrupt the law that appears firmly es-tablished, and does not present a “real and embarrassing conflict of opinion.”
The writ of certiorari was unadvisedly granted and it is discharged.
THORNAL, C. J., CALDWELL and ERVIN, JJ., and McMULLEN, Circuit Judge, concur.