SCHWARTZ, Chief Judge.
Notwithstanding the appellants’ not un-cogent contention that the law should be otherwise, based on the historical analysis in Watson, Deficiency Suits After Foreclosure: A Matter of Timing, 56 Fla.B.J. 47, 48-50 (1982), it is firmly established that the chancellor’s previous denial of a deficiency judgment specifically sought after foreclosure, which was affirmed in White *955 v. Kaplan, 418 So.2d 1302 (Pla. 3d DCA 1982) (per curiam), precludes the maintenance of the present action “at law” on the note to recover for the same debt. Crawford v. Woodward, 140 Fla. 38, 191 So. 311 (1939); Belle Mead Dev. Corp. v. Reed, 114 Fla. 300, 153 So. 843 (1934); Provost v. Swinson, 109 Fla. 42, 146 So. 641 (1933); see Scheneman v. Barnett, 53 So.2d 641 (Fla.1951), and cases cited. The summary-judgment rendered below in the defendant’s favor is therefore
Affirmed.