IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SYLVIA HIGGINS and
COLLIER HIGGINS,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

      Appellants,

CASE NO. 1D15-4784

v.

DYCK-O'NEAL, INC.,

      Appellee.

_____/

Opinion filed June 9, 2016.

An appeal from the Circuit Court for Duval County.
Lawrence P. Haddock, Judge.

Austin Tyler Brown of Parker & DuFresne, P.A., Jacksonville, for Appellants.

Susan B. Morrison, Tampa, for Appellee.

THOMAS, J.

Appellants, Collier Higgins & Sylvia Higgins, seek review of an order denying their motion for relief from a Final Default Judgment, wherein the trial court determined that Appellants were indebted to Appellee, Dyck-O'Neal, Inc. Appellants argued below and reassert here that the trial court lacked subject matter jurisdiction and thus erred in denying their motion for relief, based in part on our

decision in <u>Reid v. Compass Bank</u>, 164 So. 3d 49 (Fla. 1st DCA 2015). Appellants argue that Appellee was precluded from filing an action at law seeking damages based on Appellants' failure to satisfy their promissory note on the property at issue, because Appellees had filed a prior foreclosure action which included a prayer for a deficiency judgment, and the trial court in that action reserved jurisdiction to enter a deficiency judgment. We agree with Appellants, and for the reasons stated herein, we reverse the trial court's denial of Appellants' motion for relief from judgment.

### *Facts*

In 2009, Freedom Mortgage Corporation (Freedom) sued Appellants in Duval County to foreclose the mortgage on Appellants' property. It is undisputed that in its complaint, Freedom included a request for a deficiency judgment against Appellants, if the proceeds were insufficient to pay Freedom's claim. In September 2009, the trial court entered a Final Summary Judgment in Foreclosure that retained jurisdiction "for the purpose of making any further orders as may be necessary and appropriate herein, *including but not limited to all claims for deficiencies*." (Emphasis added.) After the foreclosure sale, the Judgment and Note was assigned to Appellee.

Almost five years later, Appellee filed a new Complaint in law against Appellants in Duval County, seeking damages as a result of Appellants' failure to

2

satisfy the promissory note on the property. Appellants did not respond to the Complaint, and Appellee moved for default, which was granted. Appellee filed a motion for final default judgment along with supporting affidavits. The trial court ultimately entered a Final Default Judgment against Appellants, totaling $89,724.15.

Approximately 11 months later, Appellants filed a motion for relief from judgment pursuant to rule 1.540(b), Florida Rules of Civil Procedure, asserting the final judgment was void, as it was entered without subject matter jurisdiction, citing Compass Bank. Appellee filed a memorandum of law in opposition to Appellants' motion for relief from judgment, asserting in part that our decision in Compass Bank which discussed the relevant issue here was *dicta.* Following a hearing, the trial court denied Appellants' motion for relief from judgment, and this appeal followed.

*Analysis*

Appellants argue here that Appellee was prevented from filing an action at law, based on the prayer for a deficiency judgment in the prior foreclosure action, where the prior foreclosure court unequivocally reserved jurisdiction to enter a deficiency judgment. It is undisputed that the argument on appeal concerns an issue of law, which is reviewed *de novo*. Compass Bank, 164 So. 3d at 52 (citing Fla. Ins. Guar. Ass'n, Inc. v. Bernard, 140 So. 3d 1023, 1027 (Fla. 1st DCA 2014)).

3

In addressing the legal issue presented here, we return to the analysis of this court's decision in Compass Bank:

> Prior to June 7, 2013, section 702.06, Florida Statutes, which is entitled "Deficiency decree; common-law suit to recover deficiency," provided:
>
>> In all suits for the foreclosure of mortgages heretofore or hereafter executed the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the sound judicial discretion of the court, but **the complainant shall also have the right to sue at common law to recover such deficiency, provided no suit at law to recover such deficiency shall be maintained against the original mortgagor in cases where the mortgage is for the purchase price of the property involved and where the original mortgagee becomes the purchaser thereof at foreclosure sale and also is granted a deficiency decree against the original mortgagor.**
>
> (Emphasis added). Section 702.06 was amended in 2013 to read:
>
>> In all suits for the foreclosure of mortgages heretofore or hereafter executed the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the sound discretion of the court; however, in the case of an owner-occupied residential property, the amount of the deficiency may not exceed the difference between the judgment amount, or in the case of a short sale, the outstanding debt, and the fair market value of the property on the date of sale. For purposes of this section, there is a rebuttable presumption that a residential property for which a homestead exemption for taxation was granted according to the certified rolls of the latest assessment by the county property appraiser, before the filing of the foreclosure action, is an owner-occupied residential property. **The complainant shall also have the right to sue at common law to recover such**

4

> **deficiency, unless the court in the foreclosure action has granted or denied a claim for a deficiency judgment.**

*See* Ch. 13–137, § 5, Laws of Fla. (Emphasis added).

In addressing Appellant's argument, a review of the case law construing section 702.06 is instructive. In *Younghusband v. Ft. Pierce Bank & Trust Co.,* 100 Fla. 1088, 130 So. 725, 727 (1930), the supreme court held that "[i]f no deficiency judgment is entered in foreclosure sale, it is clear that a suit at law for any amount still due is available to the holder." In *Cragin v. Ocean & Lake Realty Co.,* 101 Fla. 1324, 135 So. 795, 797 (1931), the supreme court set forth that a plaintiff "having applied for and obtained a deficiency decree in their favor in the court of equity, could not, under the act of 1927, go into a court of law and maintain therein suits for the recovery of the balance due on the notes." In *Provost v. Swinson,* 109 Fla. 42, 146 So. 641, 643 (1933), a case relied upon by Appellant, the supreme court set forth, "When the complainant filed his bill in equity to foreclose the mortgage and therein prayed for a deficiency decree, he elected that forum in which to have his right adjudicated and became bound by that choice."

In *Belle Mead Development Corp. v. Reed,* 114 Fla. 300, 153 So. 843, 844 (1934), another case relied upon by Appellant, the supreme court explained that in August 1928, the appellee executed three promissory notes payable to the McElroys. It was alleged that the notes were assigned and delivered before maturity to the appellant, the plaintiff in the case. *Id.* The appellant filed suit for the foreclosure of the mortgage, praying for a deficiency decree. *Id.* A foreclosure decree was obtained, the property was sold, and the proceeds were applied to the payment of the debt. *Id.* The appellant asked for a deficiency decree which was "resisted" by the "defendant," and the chancellor refused to enter a deficiency judgment. *Id.* The appellant subsequently filed an action at law to recover on the promissory notes, and the trial court "struck those pleas." *Id.* The supreme court, in affirming, set forth, "In the case at bar there was a special prayer for affirmative relief [for a deficiency decree]. The complainant thereby elected that forum in which to have its rights adjudicated and became bound by that choice." *Id.* The supreme court further set forth, "After

5

specifically praying for a deficiency, the complainant may waive the relief prayed for in that regard, but it does not avoid the choice of the forum by not applying for the deficiency decree." *Id.*

In *Reid v. Miami Studio Properties,* 139 Fla. 246, 190 So. 505, 505 (1939), a case relied upon by Appellee in support of its argument that the action at law was permissible, the supreme court noted that the complainant, in his bill to foreclose, prayed for a deficiency decree in the event the property at issue did not bring enough to pay the amount of the indebtedness and costs. The Chancellor did not enter a deficiency decree and did not consider this phase of the prayer for relief. *Id.* The supreme court explained that the sole question presented was "whether or not under the facts stated the plaintiff Reid can now maintain an action at law to recover the amount of the deficiency judgment which he prayed for in the foreclosure but which prayer was not considered." *Id.* The supreme court noted that the defendant contended that the question should be answered in the negative because "the plaintiff in error elected his forum and is bound by the result of his election." *Id.* at 505–06. The defendant relied upon *Provost* and *Belle Mead* in support of its argument. Id. at 506. The supreme court set forth:

> We understand the law to be that where there is no prayer for a deficiency and where one is not sought or entered in the foreclosure proceeding the law courts may be resorted to to recover one. Since the entry of a deficiency decree under Section 5751, Compiled General Laws of 1927, is within the sound discretion of the Chancellor and if entered, the one in whose favor it is entered may resort to a suit at law to recover it, we see no basis for the logic that he is precluded from an action at law to recover one if the chancellor is importuned to enter it and declines to consider the question or to make any ruling thereon.
>
> The cases relied on by defendant in error have been examined. They involve other factual situations affecting deficiencies but we do not consider that they rule the question we have here nor are we convinced that the elements essential to constitute an election of remedies

6

are present.

> In fine, we understand Section 5751, Compiled General Laws of 1927, to mean that **if a deficiency decree is asked for in a foreclosure and granted, that settles the question of what forum may be sought for relief but if not asked for or if asked for and overlooked or not considered, the right of the claimant is not affected. He may sue at law and recover such portion as he may prove himself entitled to.**

*Id.* (Emphasis added).

In *Crawford v. Woodward,* 140 Fla. 38, 191 So. 311, 311 (1939), the supreme court, relying on *Provost, Cragin,* and *Belle Mead* and finding *Reid* distinguishable, determined that the plaintiff could not maintain an action at law after the foreclosure where the plaintiff prayed for a deficiency decree, notwithstanding the facts that the plaintiff later stated in the confirmation of the foreclosure sale that "Complainants are not asking for a deficiency decree" and none was rendered by the chancellor.

In *Luke v. Phillips,* 148 Fla. 160, 3 So.2d 799, 799 (1941), the supreme court addressed the plaintiff's contention that *Reid* overruled *Belle Mead.* The supreme court, without setting forth the facts of the case, set forth, "[T]he instant case is ruled by *Reid* ... wherein we pointed out that the facts of that case were distinct from those in the *Belle Mead* ... case and that line of cases which were not inferentially or otherwise overruled." *Id.*

In *McLarty v. Foremost Dairies,* 57 So.2d 434, 434 (Fla.1952), the supreme court considered a petition for writ of certiorari to review a judgment of the Duval County Circuit Court which affirmed the judgment of the Civil Court of Record for Duval County. The supreme court explained that the respondent was the owner and holder of a note secured by chattel mortgage and brought suit in Volusia County against the petitioner to foreclose the mortgage. *Id.* In the suit to foreclose, the respondent prayed for a deficiency decree. *Id.* No further action was taken with regard to the prayer for deficiency. *Id.* The personal property mortgaged was sold pursuant to a final decree

entered in the foreclosure proceedings and after crediting the proceeds of the sale to the note, there remained due and owing to the plaintiff $1,548.41. *Id.* "At no time during the entire proceedings was any request made for a deficiency nor was the matter called to the attention of the Court in any way." *Id.* The only time or place where the matter of deficiency appeared in the proceedings was the prayer for deficiency contained in the bill of complaint. *Id.* The respondent "[i]n due course" filed suit in Duval County for the balance due under the note after crediting the proceeds of the foreclosure sale. *Id.* The petitioner, the defendant below, pleaded as a defense the foreclosure suit and the prayer for deficiency contained in the bill of complaint. *Id.* It was the contention of the petitioner that the respondent "having prayed for a deficiency without obtaining one, could not sue upon the note to recover the balance due upon the mortgage note." *Id.*

The supreme court found that the case was controlled by *Reid* and *Luke* and noted the alleged confusion between those cases and the cases of *Crawford* and *Belle Mead. Id.* The supreme court explained that although the facts in *Luke* did not state that a deficiency decree was prayed for, its review of the record in that case showed that the bill to foreclose the mortgage contained a prayer for a deficiency judgment. *Id.* at 435. It also explained that the facts of the case at hand were identical to the facts of *Luke* where the "sale of the mortgage property and disbursements were approved and confirmed by the Chancellor but no deficiency decree was entered or requested." *Id.* After noting that its holding in *Reid* was reaffirmed in *Luke,* the supreme court set forth, "If the opinion in *Reid* ... as affirmed in *Luke* ... is in conflict with any other holdings with reference to the subject matter, such holdings, or opinions, are over-ruled to the extent of such conflict." *Id.* The supreme court found no departure from the essential requirements of the law in the case before it. *Id.*

Thereafter, in *First Federal Savings & Loan Association of Broward County v. Consolidated Development Corp.,* 195 So.2d 856, 858 (Fla. 1967), the supreme court addressed *McLarty*, *Reid*, and *Luke*. In *First Federal Savings,* the petitioner brought a foreclosure suit in Palm Beach County and prayed for a deficiency decree if the proceeds of the mortgage sale were less than the amount due on the mortgage. *Id.* at 857. The final decree of foreclosure expressly reserved jurisdiction in the court for the determination of any motion for a deficiency

8

decree. *Id.* The petitioner then brought an action to recover the deficiency in Broward County and represented to the foreclosure court in Palm Beach County that inasmuch as no motion had been made there for a deficiency decree, there was no longer a need for retention of jurisdiction of the cause in that court. *Id.* The foreclosure court entered an order terminating jurisdiction. *Id.* The Broward County court dismissed the case before it, ruling that the petitioner, after having selected its forum in Palm Beach County, should not be permitted to subject the respondents to further harassment and expense. *Id.* The dismissal was appealed to the Fourth District Court of Appeal. *Id.* After noting that the abandonment of jurisdiction in Palm Beach County did not occur until twenty-six days after the action at law was filed in Broward County, the supreme court explained that the Fourth District decided the case "on the principle that a court may not switch its jurisdiction, or power, on and off as one would an electric light." *Id.* at 857–58. The supreme court also noted the Fourth District's determination that "[f]or the purposes of deficiency decrees vel non this power is not for the benefit of the court; hence, it cannot waive its jurisdiction in that regard. It may refuse or refrain from exercising the power, but the chancellor cannot abjure a court of equity of its innate or inborn jurisdiction by mere words of jacitation." *Id.* at 858. The Fourth District concluded that the Palm Beach County Circuit Court still had jurisdiction of the subject matter and the question of a deficiency decree and held that the dismissal in Broward County constituted a dismissal without prejudice to the plaintiff's right to have the question of deficiency determined by the Palm Beach County Circuit Court. *Id.*

On first examination of the petition for certiorari, the supreme court concluded that argument should be heard on the matter because of apparent conflict with its prior decisions. *Id.* The supreme court summarized some of its prior decisions, including *Reid, McLarty,* and *Luke*. *Id.* It distinguished *Reid* because in the case at hand "the request [for a deficiency decree] was made in the complaint and apparently was not immediately considered but was deferred as the court retained jurisdiction to settle any motion for deficiency." *Id.* The supreme court set forth, "So it may be said that the request for deficiency was neither considered nor overlooked. Here again on the salient facts the plaintiff was not at this point free to seek an adjudication elsewhere, hence a conflict was not developed." *Id.* The supreme court stated of

9

*McLarty,* "[T]here was a prayer for a deficiency but thereafter request for that relief was ignored." *Id.* It found that the holding in *Luke* was essentially the same as the one in *Reid*. *Id*. The supreme court was ultimately unable to discover the conflict that would vest jurisdiction with it because "there appears to be no inconsistency between what was held here and what was decided in the cited cases." *Id.* It set forth, "There has been no disturbance of the rule that if a deficiency is sought and the relief is overlooked or not considered, the one entitled to the recovery of the balance of the debt left over after the proceeds of the mortgage sale have been credited may sue for the remainder at law." *Id.* at 859. The court found, however, that the "principle would have to be stretched out of form to condone what the plaintiff undertook in this case." *Id.* It concluded that the Fourth District's decision was sound and did not disrupt the law that "appears firmly established." *Id.*

In support of its argument on appeal that its action at law was permissible, Appellee relies not only on *Reid* but also upon the plain language of section 702.06, both before and after the 2013 amendment. While we agree that the plain language of both versions of section 702.06 supports an argument that a party may file an action at law to recover a deficiency so long as a trial court has not actually ruled upon a request for a deficiency judgment in the foreclosure case, cases such as *Belle Mead* and *First Federal Savings* suggest otherwise. We note also that any question as to whether *Reid* permits a party to file an action at law after including a prayer for a deficiency judgment in a foreclosure complaint and after the trial court reserves jurisdiction to consider such a request was resolved by the supreme court in *First Federal Savings.* There, as here, the foreclosure complaint contained a prayer for a deficiency decree, and the foreclosure judgment expressly reserved jurisdiction to rule upon a deficiency request. As the supreme court noted in *First Federal Savings,* there was not a reservation of jurisdiction in *Reid.* As such, Appellee's reliance upon *Reid* is misplaced.

Notwithstanding the fact that *First Federal Savings* supports the argument that a party is not entitled to pursue an action at law on a promissory note where that party includes a prayer for a deficiency judgment in its foreclosure complaint and the trial court reserves jurisdiction to enter a deficiency judgment, we have determined that

affirmance is warranted in this case based upon the circumstances presented. Unlike the situation in *First Federal Savings* where the foreclosure court entered an order terminating its jurisdiction, the trial court in this case granted Appellee's motion to consolidate the foreclosure case and the action at law. Therefore, in contrast to the Palm Beach County Circuit Court in *First Federal Savings,* the trial court in this case still had jurisdiction in the foreclosure case. Although Appellant cites case law for the proposition that consolidated cases maintain their independent status with respect to the rights of the parties involved, Appellant does not contend on appeal that the trial court erred in granting Appellee's motion to consolidate or in denying his motion to dismiss the action at law. We note also that although Appellant moved to dismiss the action at law prior to Appellee moving for consolidation, the record does not contain any argument put forth below by Appellant in opposition to consolidation. As such, any question as to whether consolidation was proper is not before us.

Compass Bank, 164 So. 3d at 52-57 (footnotes omitted).

Regardless of whether this prior analysis on the merits of the issue was *dicta* in Reid, we now adopt this analysis in our holding here.  And we disagree with our sister court's holding in in Garcia v. Dyck-O'Neal, Inc., 178 So. 3d 433 (Fla. 3d DCA 2015), that the revised relevant statutory language compels a different result.

The facts in Garcia are very similar to this current appeal.  In 2009, BAC Home Loans Servicing brought a successful foreclosure action against Garcia and others, and the prayer for relief included the court taking jurisdiction for the purpose of a deficiency judgment.  178 So. 3d at 434.  The final judgment of foreclosure reserved jurisdiction to adjudicate any claim seeking a deficiency judgment.  Id.  After the foreclosure sale, the appellee was assigned the judgment

11

and note, and filed a separate action in the same county as the foreclosure action against Garcia seeking the deficiency. Id. Garcia did not respond, the clerk's default was entered in September 2014, and the appellee moved for entry of a final default judgment. Id. Garcia filed a motion to dismiss, arguing that the trial court lacked subject matter jurisdiction of the deficiency action because BAC sought deficiency relief and the foreclosure court expressly retained jurisdiction to adjudicate the deficiency. Id. The trial court rejected this argument, and Garcia appealed, relying on First Federal Savings and Compass Bank.

The Third District found that the portions of the opinions relied upon by Garcia were *dicta* and, in relevant part, held:

> *A. First Federal Savings' Dicta*
> In *First Federal Savings,* the plaintiff obtained a judgment of foreclosure in Palm Beach County; the foreclosure court retained jurisdiction to determine a deficiency judgment. The plaintiff then filed an action in Broward County to recover the deficiency. On plaintiff's motion, the circuit court in Palm Beach County terminated its jurisdiction. The Broward County circuit court, however, dismissed the case because the Palm Beach County circuit court originally had retained jurisdiction. *First Fed. Sav.,* 195 So.2d at 857.
>
> The Fourth District Court of Appeal held that the Palm Beach County circuit court should not have abandoned its jurisdiction. Initially, the Florida Supreme Court granted certiorari review based on an apparent conflict among the districts. In discharging the writ of certiorari, however, the Florida Supreme Court determined that no conflict existed after all. In its conclusion, the Florida Supreme Court's glancing reference to the rule for recovering a deficiency judgment does not constitute the holding of the case. *First Fed. Sav.,* 195 So.2d at 859.

. . .

*C. Statutory Authority Eclipses Dicta*
When the clear and unambiguous language of a statute commands one result, as here, while *dicta* from case decisions might suggest a different result, we must apply the statute so as to give effect to legislative intent. *Citizens Prop. Ins. Corp. v. Perdido Sun Condo. Ass'n, Inc.,* 164 So.3d 663, 666 (Fla.2015). In determining legislative intent, we first look to the language of the statute. *State v. Hackley,* 95 So.3d 92, 93 (Fla.2012) ("The first place we look when construing a statute is to its plain language—if the meaning of the statute is clear and unambiguous, we look no further.").

We need look no further than the plain language of section 702.06. The *dicta* in *First Federal Savings* and *Compass Bank* does not carry the weight of authority of section 702.06 as it is now constituted. The remedial nature of the 2013 amendment to section 702.06 militates against our further interpreting an inconsistent body of case law.

178 So. 3d at 435-36 (footnotes omitted).

We respectfully disagree with the Third District's opinion, which does not dissuade us from adopting this court's analysis in <u>Compass Bank</u>. In particular, we cannot ignore that part of the supreme court's <u>First Federal Savings'</u> holding that its certiorari jurisdiction was unadvisedly granted, based on the fact that the Fourth District's underlying opinion in <u>First Federal Savings</u> did not disrupt the law that appeared firmly established, and the facts of the case were specifically distinguishable from <u>Reid</u>, as that prior Florida Supreme Court opinion did <u>not</u> involve a reservation of jurisdiction like <u>First Federal Savings</u>. Furthermore, we cannot read the statutory language to effect a monumental change in the law, which would allow a mortgagee to sue to foreclose on the mortgaged property,

13

successfully request the court to reserve jurisdiction to enter a deficiency judgment in the event of a shortfall after the sale of the property, and then after the court reserves jurisdiction at the request of the mortgagor (or the successor), then permit the mortgagor to seek a deficiency judgment at common law. The statute expressly prohibits such a result if the original suit in foreclosure results in an order granting or denying the deficiency judgment. In our view, when the original court in foreclosure reserves jurisdiction to grant or deny the deficiency judgment, the statute cannot be logically or fairly read to permit the plaintiff in the original action to disregard the court's reservation of jurisdiction, and file another action at law. When the court in the foreclosure action has been requested to grant a deficiency judgment and has reserved jurisdiction to do so, the plaintiff is bound by that court's ultimate exercise of jurisdiction to rule on the matter.

We agree with the federal district court in Wells Fargo Bank, N.A. v. Jones, 2014 WL 1784062 (M.D. La. May 5, 2014), that to interpret this statute as read by the Third District and asserted by Appellee would permit forum shopping and contravene the Florida Supreme Court case law to the contrary, which the statute does not specifically abrogate. In Jones, like here, the lender had sought a deficiency judgement in the original foreclosure action, that court had reserved jurisdiction to render such relief, but the lender then sought a deficiency judgment at common law in federal court, disregarding its earlier request for relief in the

Florida state court which still retained jurisdiction to grant relief. The court in Jones stated: "This Court finds that the Florida law providing the lender with 'the right to sue at common law to recover such deficiency' was never meant to apply to the present situation." We agree, and further note that the statute cannot be reasonably read to allow a lender to seek a deficiency judgment in the original foreclosure action, where the court is granted the discretion to *deny* such relief, and retains jurisdiction to do so, and then grant the lender the right to forum shop and file yet another action based on contract principles where the subsequent court is not authorized to deny relief in common law, absent unusual circumstances. Absent specific direction from the legislature, such a reading is not justified. Rather, we read the revised statutory language as simply clarifying and reiterating long-standing judicial holdings that if the original foreclosure court ignores a claim for a deficiency judgment, or one is not sought there, the lender may seek relief at common law.

As we acknowledged in Compass Bank, "While we agree that the plain language of both versions of section 702.06 *supports an argument* that a party may file an action at law to recover a deficiency so long as a trial court has not actually ruled upon a request for a deficiency judgment in the foreclosure case, cases such as *Belle Mead* and *First Federal Savings* suggest otherwise." 164 So. 3d at 56 (emphasis added). We now hold that while the statutory language may "support"

15

such an argument, it does not persuade us that the legislature intended to actually overrule Florida Supreme Court decisions that address the issue more specifically and hold to the contrary. Thus, we fully agree with our prior opinion that Appellee's reliance on Reid is misplaced, and we hold that a party is not entitled to pursue an action at law on a promissory note where that party includes a prayer for a deficiency judgment in its foreclosure complaint and the trial court reserves jurisdiction to enter a deficiency judgment. Accordingly, we reverse the trial court's denial of Appellants' motion for relief from judgment and remand for the trial court to void the default judgment.

REVERSED and REMANDED.

LEWIS, J., CONCURS; MAKAR, J., DISSENTING WITH OPINION.

MAKAR, J., dissenting.

A final judgment of foreclosure entered against Sylvia and Collier Higgins resulted in their home being sold at auction. Dyck-O'Neal, Inc., which was assigned the judgment and underlying note, sued in a separate proceeding to collect the deficiency between the amount due on the note and the property's value. A final judgment of default was entered against the Higgins because they failed to respond in the deficiency proceeding. A year later, the Higgins sought to void the default judgment, claiming the trial court lacked jurisdiction because the foreclosure court had reserved jurisdiction to consider a request for a deficiency judgment in that proceeding.

The trial court properly denied the Higgins' request because the Legislature had just recently enacted a clearly worded statute that established a "right to sue" for a deficiency judgment "unless the court in the foreclosure action has granted or denied a claim for a deficiency judgment." § 702.06, Fla. Stat.; Ch. 2013-137, Laws of Fla. Because the "court in the foreclosure action" had neither "granted" nor "denied" the claim for a deficiency judgment in that proceeding, Dyck-O'Neal had a clear statutory "right to sue" separately for a deficiency judgment. The statute contemplates this precise situation, i.e., where a foreclosure court has been presented, but not acted upon, a request for a deficiency judgment; in such a case, the complainant has the "right to sue" to recover the deficiency. The statute doesn't

17

say the complainant must sue in the same court as the foreclosure action; instead, the plain words of the statute envision the possibility of two separate proceedings, perhaps in two different courts.

The plain, unambiguous language of the statute has not escaped judicial notice. Every Florida court addressing the issue of whether section 702.06 jurisdictionally bars a separate suit for a deficiency judgment has said unequivocally that it does not. Instead, the only statutory jurisdictional bar is if the "court in the foreclosure action has granted or denied a claim for a deficiency judgment." § 702.06, Fla. Stat. The Third District, in two cases with facts like this one, have viewed the 2013 statutory language as "clear," "plain," and "unambiguous." Dyck-O'Neal, Inc. v. Weinberg, 41 Fla. L. Weekly D329 (Fla. 3d DCA Feb. 3, 2016) (reversing an order dismissing for lack of jurisdiction based on "unambiguous" and "plain language of the statute"); Garcia v. Dyck-O'Neal, Inc., 178 So. 3d 433, 436 (Fla. 3d DCA 2015) ("When the clear and unambiguous language of a statute commands one result, as here, . . . we must apply the statute so as to give effect to legislative intent."); see also Cheng v. Dyck-O'Neal, Inc., 41 Fla. L. Weekly D1076b (Fla. 4th DCA May 6, 2016) (agreeing with Third District decisions "that section 702.06, Florida Statutes, is unambiguous"). As summarized by the Third District in Garcia:

> According to the statute, unless the foreclosure court has granted or has declined to grant a deficiency judgment, a plaintiff may pursue deficiency relief in a separate action. In the instant case, the foreclosure court did not grant or decline to grant the deficiency judgment claim; therefore, the trial court below had jurisdiction to consider Dyck–O'Neal's deficiency claim.

178 So. 3d at 436. Likewise, the Fourth District in Cheng concluded that the "foreclosure judgment's reservation of jurisdiction does not preclude a separate suit to recover the deficiency where the foreclosure court has not granted or denied a claim for a deficiency judgment." Cheng, 41 Fla. L. Weekly D1076b. The clarity of the 2013 statutory language decides this case; affirmance is required.

Two additional points are warranted. First, the lengthy discussion of erstwhile caselaw in Reid v. Compass Bank, 164 So. 3d 49, 57 (Fla. 1st DCA 2015), is dicta, immaterial, and misplaced. Because it is dicta, it has only persuasive value; but it has failed to persuade both the Third and Fourth Districts. It is immaterial because the 2013 statutory language at issue trumps whatever perceived inconsistency the panel in Reid may have imagined with prior precedents. See Garcia, 178 So. 3d at 436 ("Statutory Authority Eclipses Dicta"). In addition, the caselaw recited cannot be said to be inconsistent with the 2013 revision. Rather, though the older caselaw is not entirely consistent, it appears that a complainant had the right to pursue an action at law for a deficiency judgment if a deficiency is not sought or entered in the foreclosure proceeding. See Reid v. Miami Studio Props., 190 So. 505, 506 (Fla. 1939); see also First Fed. Sav. & Loan

Ass'n of Broward Cnty. v. Consol. Dev. Corp., 195 So. 2d 856, 859 (Fla. 1967) ("There has been no disturbance of the rule that if a deficiency is sought and the relief is overlooked or not considered, the one entitled to the recovery of the balance of the debt left over after the proceeds of the mortgage sale have been credited may sue for the remainder at law.").

Second, whatever disagreement may exist about the efficiency of allowing a separate proceeding to pursue a deficiency judgment is best left to the Legislature, which has recently addressed and settled the matter. As the Third District said: "In our view, the Legislature drafted a clear statute that resolved the courts' struggle with the issue in this case." Garcia, 178 So. 3d at 436. If the statutory "right to sue" in section 702.06 results in significant problems—which appears unlikely given the right in some form has existed for over 75 years—the legislative branch may wish to address them.