# Supreme Court of Florida

_____

No. SC17-975

_____

**DYCK-O'NEAL, INC.,**
Petitioner,

vs.

**HEATHER LANHAM,**
Respondent.

[July 5, 2018]

LAWSON, J.

This case is before the Court for review of the decision of the First District Court of Appeal in *Dyck-O'Neal, Inc. v. Lanham*, 214 So. 3d 802 (Fla. 1st DCA 2017). The district court certified that its decision is in direct conflict with decisions of every other district court of appeal—*Garcia v. Dyck-O'Neal, Inc.*, 178 So. 3d 433 (Fla. 3d DCA 2015), *Dyck-O'Neal, Inc. v. Hendrick*, 200 So. 3d 181 (Fla. 5th DCA 2016), *Gdovin v. Dyck-O'Neal, Inc.*, 198 So. 3d 986 (Fla. 2d DCA 2016), and *Dyck-O'Neal, Inc. v. McKenna*, 198 So. 3d 1038 (Fla. 4th DCA 2016), regarding whether a complainant may pursue a separate action at law to recover a deficiency judgment when the foreclosure court reserved jurisdiction in its final judgment to adjudicate the deficiency claim. We have jurisdiction, *see* art. V,

§ 3(b)(3), Fla. Const., and hold that when a foreclosure court reserves jurisdiction to adjudicate a deficiency judgment claim but has not adjudicated the claim, section 702.06, Florida Statutes (2014), permits the lender or its assignee to bring its deficiency claim in a separate action at law. Because the First District held otherwise, we quash the decision below and approve the certified conflict decisions of the Second, Third, Fourth and Fifth District Courts of Appeal.

## BACKGROUND

Heather Lanham's residential property in Gadsden County, Florida, was foreclosed by final judgement. That judgment expressly reserved jurisdiction to rule on any future deficiency claim, although no one sought to adjudicate the claim in that forum. Instead, Dyck-O'Neal, Inc. (O'Neal), which was assigned the mortgage and note, filed a separate action at law seeking a deficiency judgment against Lanham. The trial court granted summary judgment for Lanham on an issue relating to the validity of O'Neal's assignment, and O'Neal appealed. The First District quashed the trial court's decision without reaching the assignment issue based upon its conclusion that the trial court lacked subject-matter jurisdiction over the suit under section 702.06, Florida Statutes (2014), because the foreclosure court had previously reserved jurisdiction to handle the deficiency claim. In so holding, the First District certified conflict with decisions from all four of the other district courts of appeal, and we accepted discretionary review.

## ANALYSIS

The sole issue in this case is governed by section 702.06, Florida Statutes

(2014), which every district court of appeal except for the First District has read as

permitting a separate action at law for a deficiency judgment unless the foreclosure

court has already granted or denied a deficiency claim.  Questions of statutory

interpretation are reviewed de novo.  *See Borden v. East-European Ins. Co.*, 921

So. 2d 587, 591 (Fla. 2006).

Section 702.06 reads in relevant part:

> In all suits for the foreclosure of mortgages heretofore or
> hereafter executed the entry of a deficiency decree for any portion of a
> deficiency, should one exist, shall be within the sound discretion of
> the court . . . .  *The complainant shall also have the right to sue at
> common law to recover such deficiency, unless the court in the
> foreclosure action has granted or denied a claim for a deficiency
> judgment.*

§ 702.06, Fla. Stat. (2014) (emphasis added).

"When the language of the statute is clear and unambiguous and conveys a

clear and definite meaning, . . . the statute must be given its plain and obvious

meaning."  *Holly v. Auld*, 450 So. 2d 217, 219 (Fla. 1984) (quoting *A.R. Douglass,

Inc. v. McRainey*, 137 So. 157, 159 (Fla. 1931)).  Here, the statute plainly allows

the foreclosure court to adjudicate the deficiency claim but also gives the

complainant "the right to sue at common law to recover such deficiency, unless the

court in the foreclosure action has *granted or denied* a claim for a deficiency

- 3 -

judgment." (Emphasis added.) A reservation of jurisdiction is not a grant or denial of the claim. The foreclosure court would have only "granted or denied" the deficiency judgment if it had adjudicated the claim. Therefore, this statute plainly precludes the separate action only where the foreclosure court has actually ruled on the claim—as held by the Second, Third, Fourth and Fifth District Courts of Appeal.

In reaching a different result below, the First District relied on its prior decision in *Higgins v. Dyck-O'Neal, Inc.*, 201 So. 3d 157 (Fla. 1st DCA 2016). *See O'Neal*, 214 So. 3d at 802. However, in *Higgins*, the First District examined this Court's precedent interpreting an older version of section 702.06 that did not contain the "granted or denied" language. *See Higgins*, 201 So. 3d at 159-63. As correctly explained by the dissent in *Higgins*: "The clarity of the 2013 statutory language decides this case . . . . [and the cases relied upon by the majority of the First District panel are] immaterial because the 2013 statutory language at issue trumps whatever perceived inconsistency . . . [exists] with prior precedents." *Id.* at 167 (Makar, J., dissenting).

## CONCLUSION

We quash the decision below in *O'Neal*, disapprove *Higgins*, approve *Garcia*, *Hendrick*, *Gdovin*, and *McKenna*, and hold that section 702.06, Florida Statutes (2014), permits an independent action at law for a deficiency judgment

- 4 -

when the foreclosure court has expressly reserved jurisdiction to handle a deficiency claim but has not actually decided the merits of the claim.

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, and LABARGA, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Certified Direct Conflict of Decisions

First District - Case No. 1D16-1624

(Gadsden County)

David M. Snyder, Tampa, Florida; Susan B. Morrison of Law Offices of Susan B. Morrison, P.A., Tampa, Florida; and Joshua D. Moore of Law Offices of Daniel C. Consuegra, Tampa, Florida,

for Petitioner

Rick A. Savage of Savage Law Office, PLLC, Tallahassee, Florida; and Jacob D. Flentke of Flentke Legal Consulting, PLLC, Orlando, Florida,

for Respondent

Natasha Shaikh of Shaikh & Shaikh, P.A., Orlando, Florida,

Amicus Curiae